*Robinson* and *Fay*, for plaintiff.
*Chauncey Langdon* and ——— ———, for defendants.

Kenny
v.
Kettle et al.

———❖———

ISAAC BOWEN, Appellee,
*against*
HOSEA FULLER, Appellant.

THIS was an action brought to recover treble damages, founded on the first section of the act more effectually to prevent trespasses in divers cases.

Verdict for the plaintiff in the County Court.

And now defendant, by his attorneys, moves the Court here, that the aforesaid action, and proceedings thereon, may be dismissed and quashed; for that the aforesaid action is brought to recover a forfeiture and penalty given by a certain statute law of this State, entitled, " an act more effectually to prevent trespasses in divers cases; and for that the Justice or magistrate who signed the original writ in said action or suit, did not, at the time of signing thereof, make a minute in writing under his official signature, on said original writ, of the day, month, and year when the same was by him the said Justice signed,

*Vermont* Stat. vol. 1. p. 269. c. xxxvii.

In an action brought to recover treble damages on the first section of the act more effectually to prevent trespasses in divers cases, it is necessary for the magistrate issuing the original process, to make a minute on the writ, under his official signature, of the day, month and year of his signing the same.

Bowen
v.
Fuller.

as by law he ought to have done : and this he is ready to verify and prove, as the Court here shall direct; and thereof prays judgment that the same may be dismissed, and for his costs.　By

*N. Smith, Hall,* and *Langdon.*

*Per Curiam.* The Court do not incline to hear arguments on this motion.

*Vermont* Stat.
vol. 2. p. 405.
407. c. cx. s.
1. 5.

The 5th section of the statute of limitations, which requires such minute as is mentioned in the motion to be made, includes this case. It renders such minute necessary when any bill, complaint, information, or indictment, shall be exhibited, or any action or suit brought or commenced in any of the cases mentioned in the preceding sections of the act. The first section mentions expressly actions of this nature; for though, through the inaccuracy of the editors of our statute book, it is noted in the margin as contemplating only actions *qui tam,* yet the section itself notices " all actions, suits, bills, or informations, which shall hereafter be had or brought, sued or commenced, for any forfeiture, upon any penal statute made or to be made, the benefit whereof is or shall be limited *in whole* or in part to the person or persons who shall inform or prosecute in that behalf," &c.

\* Vide *Hall* v.
*Brown, ante,* p.
64.

Process quashed.\*

*David Fay,* for plaintiff.
*Noah Smith, Lott Hall,* and *Chauncey Langdon,* for defendant.