CHITTENDEN
January,
1830,

CALVIN HUBBELL vs. LYMAN GALE.

An action, brought on the 2d section of the act to prevent usury, by one who was not a party to the usury, to recover a sum of money received by the defendant of a third person contrary to the provisions of said act, is a penal action, and within the provisions of the act requiring the clerk or magistrate signing the writ to make a minute in writing on the same of the day, month and year, when it was signed or exhibited to him.

This was an action of *assumpsit,* in which the plaintiff declared against the defendant for money had and received by him to the plaintiff's use. From the particulars of the plaintiff's demand filed in writing, and from the proof offered in the case, it appeared that the plaintiff's action was founded on the second section of the act to prevent usury, and was brought to recover the

CHITTENDEN
January,
1830.

Hubbell
vs
Gale.

sum of $54, received by the defendant of one *Zadock Wheeler* contrary to the act, and for which *Wheeler* had not sued within one year thereafter. The county court, without going into the merits, dismissed the action, on the motion of the defendant, because there was no special minute in writing, on the original writ, of the day, month, and year, when the writ was signed. The cause was removed to this Court on exceptions taken to the decision by the plaintiff, and allowed by the court below.

*Thompson, for the plaintiff.*—1. The plaintiff contends that the case does not come within the statute.

In the statute against usury (*p.* 163, *sec.* 2) the language is, " and in case the person or persons so paying," &c., " shall not commence his suit," &c., " then it shall be lawful for any person to sue for," &c., " in manner aforesaid," &c.

In the statute relating to the limitation of suits, (*p.* 288, *sec.* 1,) the language is, that all actions, &c. brought for any forfeiture *upon* any *penal* statute, &c. the benefit whereof shall be limited in whole or in part to the *person or persons who shall inform*, &c. The language in the 5th section is, "when any action, &c., shall be brought, *&c.*, in any of the cases mentioned in the preceding sections, the clerk shall make a minute, &c.

In the explanatory act of 1808, (*p.* 292,) the language is, that the 1st section of the act aforesaid shall not extend to any case where the remedy is given to the *party aggrieved*, &c. In the statute against usury the action is given to the *party injured*, although upon a certain condition it is given to others. The case is, therefore, taken out of the statute by the act of 1808.

2. The action is not brought *upon*, nor was it necessary to bring it upon, the statute. So far as the statute relates to the borrower, it is declaratory of the common law. As to the right of any other person, it creates the right to sue, and gives the remedy. The plaintiff calls to his aid the statute in support of his action, just as he would the common law, if he had a remedy at common law. Many of the acts imposing penalties direct the action *to be founded on the statute ;* in other words, to be brought upon it, and when this is not the case it is unnecessary to count upon the statute. See statute more effectually to prevent trespasses, (*p.*280, *sec.* 1, 5, 6.)

3. This action is not brought to recover a *forfeiture* or *penalty*, nor is the statute penal. Penal laws require the offenders to part with property, or money, which they have not received gratuitously from others. Whereas, the act under consideration simply requires the de-

CHITTENDEN
January,
1830.

Hubbell
vs.
Gale.

fendant to *refund* the amount he has received, over and above what belongs to him, and which, in equity and good conscience, he cannot retain. It requires him to make no sacrifice of his own, but merely to restore what belongs to another. The common law which compels a man to *refund* what he has obtained by fraud or mistake may with equal propriety be termed *penal.* It can make no difference whether the property be restored to the person who has parted with it, or paid to a stranger. The effect is the same upon the defendant. The liability operates as a penalty or not, according to its effect upon the person liable. In this case the defendant is punished neither more nor less on account of the money's being received by a third person.

*Bayley and Marsh, for the defendant.*—Two questions may be raised in this case.

1. Is the statute against usury, or so much of it as forms the foundation of this action, a penal statute ?

2. If so, does this case come within the fifth section of the statute of limitations ?

1. Statutes are penal which give a right of action for a breach of them. Remedial, when the sum to be recovered is intended as a compensation of the party aggrieved for the money or injury. Or when an action is given to a person other than the party aggrieved, as a means of enforcing the statute. Or remedial and penal, as when an action is given to a party aggrieved ; but he is not limited in the sum to be recovered to the amount of the injury sustained. So far as the sum recovered exceeds a just compensation for the private injury, it is a *penalty.—Esp. on penal actions,* 1, 2, 5, 7.

According to the above limitations, the first clause of the 2d section of our statute against usury is *remedial,* and the second clause of the same section is *purely penal.*— *Comp. Laws, p.* 163: The former gives to the party *aggrieved* an action, (if sued within one year,) to recover back usurious interest as a compensation for the injury he has suffered for a violation of such statute. While the latter, if such action be not brought by the injured party, or be discontinued, &c., gives to a common informer by the description of " any other person or persons," a right to sue within one year after the expiration of the first year, and recover the said excess, or usurious interest, or a sum equal thereto : and this action is given solely as a means of *enforcing* the *said statute,* by punishing the violation of it. There is no indebtedness, no moral or legal obligation on the part of the lender, to the person who sues

under this second clause, independently of a positive statute ; but the action is founded on a principle of public policy. This is the very definition of a *penal action.* To constitute a penalty it is not necessary that the sum to be recovered should be ascertained and found by the statute. It is frequently the single, double, or treble value of the property which is the subject matter of the transaction on which the suit is grounded, or of the pecuniary loss which the party aggrieved is supposed to have sustained. There are many instances of this kind in our own statutes. See *sections* 7, 9, 10, 11, and 12, of the *act in relation to injerior crimes* ; also 2d section of the act to prevent horse racing, *Comp. Laws,* 226–7–8, and 273 ; the third section of the act relating to pounds, estrays, lost ˙ goods, passed November 6, 1806, (*p.* 456.) The fifth section of 37 *Hen. VIII.* against usury, by which the treble value first is forfeited ; the fifth section of 13 *Eliz.* by which so much as shall be reserved above legal interest, is forfeited ; and the first section of 12 *Anne,* which imposes a forfeiture of treble value, &c., give the forfeitures or a part of them, to any person who shall sue for the same, and are the same in principle as the clause of our statute now under consideration ; and the English books uniformly speak of actions upon these statutes as *penal* actions. See *Goff* vs. *Pepperwell,* 2 *Term Rep.* 707.

2. There can be no doubt that this case is subject to the regulations of the 5th section of the statute of limitations. It is clearly comprehended in the first section, and is not included in, or affected by, the explanatory act of 1808.— *Comp. Laws,* 288–9, and 292, *no.* 4. In the words of the 1st section of the statute of 1797, it is a case in which the benefit of the forfeiture is *limited in whole* (or in part) to the person, &c. " who shall inform and prosecute for the same." By the second section of the statute of usury, the *whole penalty,* or sum to be recovered, is, upon a certain contingency, given to a common informer. The sum to be demanded by the action does not depend upon this contingency, but merely the right to sue, and that cannot accrue until the expiration of one year after paying the usurious interest, and no action brought or prosecuted by the borrower, a *party aggrieved.*

PRENTISS, C. J., delivered the opinion of the court.—By the act to prevent usury, it is declared, that the person, from whom usurious interest shall be taken, shall be at liberty, at any time within one year thereafter, to sue for and recover back the money paid, or the value of the goods or other thing delivered, above

CHITTENDEN
*January,*
1830.

Hubbell
*vs.*
Gale.

CHITTENDEN,
January,
1830.
—————
Hubbell
vs.
Gale.
the rate prescribed, in an action of *assumpsit, declaring for mon-ey had and received, or goods sold and delivered,* as the case may be ; and on his neglect to sue and prosecute with effect, *it is* made lawful for any other person, within one year after such neglect, *by any such action or suit aforesaid,* to sue for and recover the same, *in manner aforesaid,* against the person who shall have ta-ken or received the same. (*Comp. Stat. p.* 163. *s.* 2.) The provisions, which allows the party paying the usury to recover back the amount, under a general count in *assumpsit* for money had and received, is in accordance with common principles, and what the common law itself would authorize. In such case, there is a contract or privity existing between the parties, and the law, independent of the particular provision of the statute, would imply a promise to refund the money. A liability on the part of the defendant to pay, and a right of action in the plaintiff to recover, arise and vest immediately on the receipt of the money ; and the general form of declaring, for money had and received to the plaintiff's use, is consistent and proper. But where the action is brought by a stranger, the party paying the usury not having com-menced his suit within the time limited by the act, it is, to say the least, somewhat of a novelty, if he may declare and recover, under the statute, upon a general count in *assumpsit,* for money not ori-ginally received to his use, and in which he has no interest before the commencement of his action. As there is no contract or privity existing between him and the defendant, but his right of action is derived entirely from the statute, consistency and pro-priety, as well as the general principles of pleading, would seem to require, that he should declare specially and state the particular matter upon which his cause of action is founded. But perhaps the statute is too plain and explicit, to admit of any doubt, that a general count, not referring to the statute, is sufficient.

But whatever may be the form of the action, if it is founded en-tirely upon the statute, and the object of it is to recover a penalty or forfeiture, it is a penal action. The first section of the statute prohibits the taking of more than six *per cent.* interest, and the ta-king of more is an offence against the statute. The second sec-tion gives to the person paying the usury, the liberty, within one year, to sue for and recover it back ; and on his neglect, any other person is authorized, within one year thereafter, to sue for and re-cover the same. As it respects the party paying the usury, the action is like an action on a contract to recover a debt already due, and is clearly not of a penal nature. The party has a right

on common law principles to recover back the money, and the CHITTENDEN
*January*,
1830.

Hubbell
*vs.*
Gale. statute saves the right to him for one year; but if he does not avail himself of his right within that time, then the amount of the usury is given, as a forfeiture, to any one who will sue for the same. The statute is partly remedial, and partly penal; remedial, as to the right given to the party paying to recover back the money, and penal, as to the right given to any other person to sue for it on his neglect. Where a statute gives an action to a stranger to recover a forfeiture, he is a common informer, and the action a penal action; though it is otherwise, where the statute gives damages, either single or accumulative, as a compensation to the party aggrieved. By the act *"for the limitation of suits on penal statutes, criminal prosecutions and actions at law,"* when any action is commenced for any forfeiture, upon any penal statute, *the benefit whereof is limited, in whole or in part, to the person or persons who shall inform and prosecute in that behalf,* the clerk or magistrate, who signs the original writ, is required, at the time of signing the same, to make a minute in writing, under his official signature, on the writ, of the true day, month, and year, when the same was signed; and every original writ, on which such minute shall not be made, is declared to be void. (*Comp. Stat. p.* 288. *s.* 1, 2, 5.) This provision applies to popular actions, or suits commenced by a common informer, and we have already observed, that whenever a penalty or forfeiture is given to any one who will sue, the action is a popular action, and the plaintiff a common informer. Under the 31st *Eliz. c.* 5. *s.* 5., which limits the bringing of actions for any forfeiture, upon any penal statute, the benefit whereof is limited to the king and the informer, different opinions have been entertained, whether a suit by a common informer, where the action is first given to the party aggrieved, and in his default, after a certain time, to any one who will sue, is within the act. (*Bull. N. P.* 195; 1 *Tidd's Prac.* 14,) But as the act of this state embraces all actions for any forfeiture, the benefit of which is limited, in *whole* or in *part*, to the person or persons who shall *inform and prosecute*, there can be no doubt but that the words of the act extend it to the case before us; for though the action is given in the first instance to the party aggrieved, it is afterwards given to any one who will sue.

Judgement affirmed.