## RICHARD H. WHITE *vs.* DAVID COMSTOCK.

An action for money had and received, brought on the 2d section of the statute against usury by a person not a party to the usury, is a penal action.

In such an action, full proof is required of the plaintiff, as in actions of a criminal nature, and a mere preponderance of testimony is not sufficient to warrant a recovery.

This was an action of assumpsit for money had and received. Plea, non-assumpsit.

The plaintiff adduced evidence, tending to prove that Ebenezer White, plaintiff's father, previous to June, A. D. 1829, was indebted to the defendant, Comstock, by note in the sum of about $920, secured by mortgage. An action of ejectment was commenced by Comstock on said mortgage, and judgment recovered. On motion for redemption, the sum of $931 59, including costs, was found due, and time of redemption granted until June, 18, 1830.—That about one month before the time of redemption expired, the said Ebenezer White found it difficult to raise the money to redeem said premises, and made

Orange,
March,
1834.

White
vs.
Comstock.

application to the said Comstock to extend the time of payment one year longer; and the said Comstock agreed to delay the payment of the same, and the interest due thereon, one year longer for $150; but refused to have any thing to do with said Ebenezer about it, on account of the imputations of usury; and that the said Ebenezer White then and there paid the said Comstock, said sum of $150, for granting said delay. That at the end of said year, the said Ebenezer White paid the said Comstock said sum of $931 59, and the legal interest thereon, and redeemed said premises. That the said Ebenezer White neglected for one year next after said payment to sue for the money paid the said Comstock over and above the rate of six per cent. interest.—And that the plaintiff, within one year after the neglect of the said Ebenezer, to sue as aforesaid, commenced this action to recover said money paid by the said Ebenezer, to the said Comstock, over and above the rate of six per cent. interest.

The defendant, in support of the issue on his part, adduced evidence tending to prove that the said Comstook made no bargains with the said Ebenezer White to delay the payment of said sum of $931 59, but sold out his chances of obtaining the mortgaged premises aforesaid, by virtue of the decree of said county court, to Henry H. White, son of the said Ebenezer. That the said Henry H. White paid said Comstock said sum of $150, and received a bond from him, the said Comstock, to deed the premises to him, the said Henry H. White, provided he paid said sum of $931 59, by the first of May, A. D., 1831.

The court charged the jury, that this was an action to recover a penalty; and the plaintiff must convince the jury, beyond a reasonable doubt, of his right to recover (explaining what would, or would not be reasonable doubt;) or the defendant will be entitled to a verdict.

That the jury would not, as in ordinary cases of assumpsit upon contracts, for money had and received, decide the case upon the preponderance merely of the testimony. The plaintiff excepted to this charge, and a verdict being returned for the defendant, said exceptions were allowed, and the cause ordered to pass to the supreme court.

*Upham for plaintiff.*—1. The *first* proposition laid down in the charge, viz. "that this is an action to recover a penalty,"

ORANGE,
March,
1834.

White
vs.
Comstock.

is incorrect. The word penalty, as defined by lexicographers, signifies punishment, censure, judicial infliction, condemnation to punishment, forfeiture upon non-performance. The statute declares six per cent. to be the legal rate of interest, and says that any person who pays more than that sum, may recover it back in an action of money had and received, to be commenced in one year next after the payment. And in case the person paying more than six per cent. shall not within the year bring his action to recover it back, any other person within one year after such neglect, may sue for and recover the same.—Vide stat. page 163.

The statute inflicts no penalty upon the person who accepts and receives more than six per cent. It merely authorises the person paying it, to receive it back. And this he could do as well without the statute as with it. The party receiving more than six per cent. subjects himself to no punishment, forfeiture or judicial infliction. He is merely liable to pay it back, because in equity and good conscience, he ought not to retain it. If the party paying the usury does not choose to sue for it back, any other person may sue for and recover it. Suppose the suit was in the name of the person who paid the money, could it then with propriety be called a suit for a penalty? I apprehend not. Upon what principle then, can a suit to recover the same sum of money in the name of another individual, be called a suit to recover a penalty?

2. The *second* proposition laid down in the charge, viz., "that the plaintiff must convince the jury beyond a reasonable doubt, of his right to recover," cannot be correct. The principle that a doubting jury should acquit, applies only in criminal cases. It is a rule of law, well settled, that if a jury, in a criminal case entertain a reasonable *doubt* as to the guilt of the prisoner, they are bound to acquit him.—McNally's Evi. 2.

Mr. *Starkie* says that the distinction between full proof and mere preponderance of evidence, is in its application very important. In all criminal cases whatever, it is essential to a verdict of condemnation, that the guilt of the accused should be fully proved. Neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generates full belief of the fact, to the exclusion of all reasonable doubt.—Starkie's Evi. 1, 451.—Swift's do. 151.

ORANGE,
March,
1834.

White
vs.
Comstock.

Language of this kind has never been used by any law writer, with reference to civil cases, and it cannot with any propriety be applied to them.

3. The *third* proposition laid down in the charge, viz., "that the jury would not decide the cause upon the mere preponderance of testimony," cannot be sustained. Mr. *Starkie* after speaking of the rule in criminal cases, says, in cases of a civil nature, where the right is dubious, and the claims of the contending parties are supported by evidence nearly equipoised, mere preponderance of testimony on either side, is sufficient to turn the scale.—1 Starkie's Evi. 451.

*Smith and Peck for defendant.*—The only question made by the plaintiff, is to that part of the charge of the court, wherein the jury were instructed that the action was to recover a *penalty*, and such being its character, they must be satisfied beyond a reasonable doubt, of the guilt of the defendant, or in other words, that he took more than the legal rate of interest. Were the court correct in this? is the question.

This suit is not brought by the person paying the usury, but by a third person, and it has been already decided by this court, that in such case, the sum to be recovered is a *penalty*. —*Hubbard* vs. *Gale*, 3 Vt. Rep. 266. Is an action for a *penalty* a proceeding *criminaliter?* is the next question. On this point there cannot be much doubt. In *Winslow* vs. *Anderson*, (4 Mass. Rep. 376) it was decided, that in a proceeding against an infant for a fine incurred by a neglect of military duty, he might appear and answer in person, it being a prosecution for an offence against law, and for the same reason that to an indictment against an infant, he may personally answer. How is this case to be distinguished from the one at bar? Starkie in his treatise on Evi. (1 vol. p. 449) lays it down as a general rule, that in all *criminal* cases whatsoever, it is assential to a verdict of condemnation that the guilt of the accused should be fully proved, and the jury must be satisfied beyond a reasonable doubt. If the present case is a proceeding *criminaliter* it falls within this rule of Starkie's, and the charge of the court was correct. We insist that all proceedings for the violation of a general statute, whatever may be the form of the proceeding, is a criminal proceeding to which the above rule applies.

WINDSOR,
February,
1834.

White
vs.
Comstock.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—This action, though in form an action of assumpsit, for money had and received, appears to have been an action to recover a penalty. This penalty is given by the statute, to any one who shall prosecute for the same. Although Comstock, the defendant, may have in his hands money which he ought not to retain as against Eben White, yet he may retain it, as against this plaintiff, and is under no obligation, either moral or legal, except by force of the statute, to pay him. So far as the statute gives a right of action to any one, to sue for the money received as usury, it is penal and meant to be so. It gives a right of action to a common informer, and the borrower, the one who is really entitled to the money sued for, is a competent witness. This was so decided on mature consideration, in the case of *Hubbel* vs. *Gale.*—3 Vt. Rep. 266. The court in that case, which was similar to the one under consideration, decided that the action was a penal action, where the penalty or forfeiture is limited to any one who shall sue for the same. The authority of that case is decisive on this question. Whether the rule of evidence, as applicable to this action, was correctly laid down, is susceptible of more doubt. Full proof is required in criminal actions and actions of a criminal nature. The legal presumption is always in favor of the innocence of a party. It is one of the first and best principles of justice, that no person is presumed to act illegally. Hence, where it is necessary to establish the fact that a person has violated a public statute, has been guilty of an offence, has incurred a penalty, or has done an illegal act, it is necessary to encounter and overcome the presumption, which always arises in favor of the innocence of the person charged, and that he has not acted illegally. Thus, it is sometimes necessary, contrary to the usual rule of evidence, not only to prove an affirmative, but to prove a negative. In an information against a man for refusing to deliver up certain papers belonging to his office, the court put the plaintiff on proving a negative, to wit, that he did not deliver them up, to encounter the presumption, that he had executed the duties of his office, as he was bound to do.—B. N. P. 298. In an action by the owner of a ship against the master, for putting on board combustible articles without giving due notice, the plaintiff was held to prove the negative averments.—*Williams* vs. *E. I.*

*Company.*—3 East 193. In actions of the nature of the one under consideration, the plaintiff has no right to the money sued for, until that right is established by a verdict. The defendant has no money of the plaintiff's in his hands. The plaintiff recovers by virtue of a positive law, enacted from principles of policy, and he must recover by proving the defendant to have acted illegally, and to have violated a public statute, and guilty of an offence. There is no hardship on him, nor is it calculated to throw any obstacles in the way of enforcing the statute, to require in such cases, full proof—that the action should not be treated as the ordinary case of an action for money had and received upon a contract, especially as the person bringing the action can avail himself of the testimony of the borrower and make, by him, all the proof which is necessary. Indeed, the action is frequently brought by the friends of the borrower, with the view of making him a witness. For these reasons, we are inclined to sanction the rule in relation to evidence as laid down by the county court in their charge to the jury, and affirm their judgment.