LEONARD F. EDWARDS v. JOHN S. OSGOOD.

*Audita Querela.   Practice.   Appeal.   Penal Statutes.*

The rule that the denial of an appeal by a justice of the peace, from a judg-
ment rendered in his court in a case which by law is appealable, is sufficient
ground for setting aside the judgment on *audita querela* brought for that
purpose, was not changed by the statute introducing the new remedy of a
petition to the county court in such case.

The provision of the statute (sec. 10, ch. 92, p. 518, Comp. Stat.) by which a
pound keeper may recover of the owner of any beast impounded the sum of
seventeen cents a day for the time the owner suffer it to remain in pound
beyond forty-eight hours after notice, is penal in its character; and an
action brought by the pound keeper before a justice of the peace to recover
this sum or penalty is therefore appealable to the county court under the
statute (sec. 76, ch. 29, p. 239, Comp. Stat.)

AUDITA QUERELA to set aside a judgment rendered by a jus-
tice of the peace in favor of the defendant against the plaintiff.
The declaration set forth, in substance, that on the 22d day of
December, 1858, the defendant sued out a writ of attachment
from Harvey Burbank, a justice of the peace, against the plaintiff,
whereby the plaintiff, then defendant, was summoned to answer
the defendant, then plaintiff, in a plea of the case, brought upon
the 10th section of chapter 92 of the Compiled Statutes, for that
the plaintiff therein on the 1st day of November, 1858, was pound
keeper in the town of Walden, and as such pound keeper he
impounded one three years old bull, the property of the defend-
ant, therein, and gave the latter due notice thereof; yet that the
defendant therein suffered the bull to remain in pound for fifty-
five days after such notice, and did not replevy or redeem the
same, whereby an action had accrued to the plaintiff therein to
recover of the defendant the sum of seventeen cents for every
day the bull remained in pound after the notice was served upon
him, and all legal charges for impounding and keeping the
animal ;—

That on the return day of the writ the plaintiff and the defend-
ant appeared before the justice, and the defendant therein pleaded
not guilty, whereupon the cause was tried by a jury, who returned
a verdict for the plaintiff therein, and the justice rendered judg-
ment thereon accordingly ;—

Edwards *v.* Osgood.

That the plaintiff herein, defendant in that case, within two hours after the rendition of the judgment, prayed that an appeal might be granted him therefrom, to the next term of the county court of Caledonia county, and tendered to the justice the sum of twenty-five cents as his fee and offered as bail himself and one Jason Dow, of Walden, who was amply responsible as bail and was willing and then and there offered to be bail, and requested the justice to fix the amount of bail and grant the appeal, which the justice by reason of the fraudulent conduct of the defendant herein, refused to do, and decided that the cause was not appealable ;—

And that thereupon the defendant herein, sued out a writ of execution upon the judgment, and caused it to be levied upon the property of the plaintiff, which he was threatening to have sold thereon.

The defendant demurred to the declaration, and the county court at the December Term, 1859, — POLAND, J., presiding, overruled the demurrer, and rendered judgment for the plaintiff for nominal damages, and that the judgment of the justice be set aside ; to which the defendant excepted.

*B. N. Davis*, for the defendant.

*J. A. Wing*, for the plaintiff.

REDFIELD, Ch. J.   It having been held by this court that the denial of an appeal by a justice court, in a case by law appealable, was just ground for setting aside the judgment, by *audita querela*, before the statute allowing a petition in such cases to the county court, (*Taylor* v. *Lothrop*, 5 Vt. 170,) the rule was not changed, upon the introduction of the new remedy, but has been repeatedly reaffirmed since. It is now too late to depart from that rule.

We are satisfied, that the action to recover the seventeen cents a day, for suffering one's cattle impounded to remain in the pound, must be regarded as altogether penal, and not intended to compensate the pound keeper for his support of the animals. This support he is required to furnish and is entitled to demand

15

of the owner, as part of his legal charges, before the cattle are redeemed. Many of the other sections of the statute speak of the charges of the pound keeper, as distinct from costs and expenses of impounding and appraising damages. These charges must, we think, include the keep of the animals.

Upon any other view, the pound keeper would seem to have no remedy provided in the statute, whereby he is to be reimbursed this expense. And we cannot suppose so important a consideration would have escaped the notice of the legislature, or that they would purposely have omitted to make provision for its liquidation, or that they would have made such provision by this indirect and unequal mode of compensation. We must therefore conclude it is included in the pound keeper's charges, which the owner is to pay, in addition to the seventeen cents per day. That will therefore be strictly of the nature of a penalty or forfeiture, and the action for its recovery is therefore made appealable by the statute, and the decision below was proper.

Judgment affirmed.