## HORATIO N. BURNETT v. GEORGE W. WARD.

*Remedial Statute. Rule of Evidence. Statute. (Gen. Sts.,*
*ch. 104, § 9.)*

Where a statute gives a remedy to the party aggrieved by action for the recovery of damages, although it gives accumulative damages, in an action by such party upon the statute, the defendant is not entitled to the rule of evidence applicable to criminal trials, which requires the case to be proved against the accused beyond a reasonable doubt.

So held in an action of trespass upon section 9 of chapter 104 of the General Statutes, which gives to the owner of sheep or lambs which shall be worried, wounded or killed by a dog, a right to recover in an action of trespass founded on the statute, double damages and double costs of the owner or keeper of such dog, whether the dog had been accustomed to worry, wound, or kill sheep or lambs or not.

ACTION of trespass under the statute, as per declaration. Plea, not guilty. Trial by jury, September term, 1868, BARRETT, J., presiding.

The declaration is as follows:

" In a plea of trespass given and had under and by force of the ninth section of chapter 104 of the General Statutes of said State of Vermont, for that the defendant," &c., and then proceeds in common form, alleging that the defendant's dog worried and killed the plaintiff's sheep.

The evidence tended to prove and maintain all the material averments of the declaration. The defendant claimed and asked the court to hold and instruct the jury that they were to be governed by the rule of evidence which would be applicable and would govern them in the trial of a criminal prosecution, viz.: that they must be convinced beyond a reasonable doubt in order to entitle them to find the facts and render a verdict for the plaintiff. The court declined, *pro forma*, so to do, and held and instructed the jury that the rule of evidence applicable to the common law action of trespass, should govern them in this case: to this the defendant excepted. Verdict for the plaintiff.

*Charles N. Davenport* and *George Howe*, for the defendant.

If the plaintiff's action belongs to the class termed " penal actions," it is well settled that " full proof must be given, and the

case established beyond a reasonable doubt." *White* v. *Comstock*, 6 Vt., 405; *Brooks* v. *Clayes*, 10 Vt., 37; *Riker* v. *Hooper*, 35 Vt., 457.

The statute declared upon is a penal statute. The remedy given is a creature of the statute. The double damages and double costs are strictly in the nature of a penalty. Whatever may be the form of the action, if founded entirely upon a statute, and the effect of it is to give a penalty or forfeiture exceeding a just compensation for the private injury, it is a penal statute, and the action a penal action. Espinasse on Penal Actions, 1, 2. *Wheelock* v. *Sears*, 19 Vt., 559; *Henry* v. *Tilson*, 17 Vt., 479; *Haynes* v. *Hall*, 37 Vt., 20; *Keyes* v. *Prescott*, 32 Vt., 86; *Riker* v. *Hooper*, 35 Vt., 457.

It is sometimes said that an action is penal where the statute gives the remedy to a stranger or common informer, and remedial where the remedy is given to the party aggrieved. Such is not the law of Vermont. The rule here is to treat all statutes as penal which create forfeitures, or mulct a defendant in a specified sum, exceeding a compensation for the private injury. Cases above cited, and *Edwards* v. *Osgood*, 33 Vt., 224; *Burnell* v. *Dodge*, 33 Vt., 462.

None of the statutes upon which the foregoing decisions were made are so penal in their character and consequences as the one under consideration. An illustration of a remedial statute, as compared with a penal one, is to be found in the former legislation on this subject. Comp. Sts., p. 530, § 9. Gen. Sts., p. 631, § 9.

But little aid in determining the question involved is obtainable from the decisions in other states, for it would seem that different rules are adopted by different courts. In some of the states, statutes which give accumulative damages are treated as remedial; while in others they are treated as penal. *Smith* v. *Causey*, 22 Ala., 568, was an action upon a statute giving double damages for injuries by cattle breaking through a fence which it was the duty of the owner to keep in repair. The court say "the statute which thus gives double damages is highly penal in its character, and should be strictly construed." In New York, a statute giving treble damages to the party injured, against one who negligently

sets a fire in his own woods, which spreads upon lands of another, is treated as a penal statute ; and because so, the court will not set aside a verdict for the defendant on the ground that it is against evidence.　*Lawyer* v. *Smith*, 1 Denio, 207.

*Clarke & Haskins*, for the plaintiff.

We insist that there· was no error in the charge of the court· below, because the statute, by force and virtue of which this action is had, is not a penal one.　A penal statute is one which forbids or prohibits an act, and punishes the doing or commission of it ; one which imposes a penalty or punishment on the commission of certain offences.　2 Burrell's Law Dic., 286, and authorities cited ; 2 Bouvier's Law Dic., 323, and authorities cited.

An evil or unlawful intent, or a culpable neglect of some duty enjoined, is always an ingredient in a penal statute.　The penalties or forfeitures attached to penal statutes are imposed as ·fines or punishments for their violation.　The statute on which this action is founded has none of these elements or ingredients in it. We insist that this statute is remedial only ; giving to the party aggrieved damages by way of compensation ; and that these damages may be either actual or accumulative.　A remedial statute is given to supply the defects in common law ; to provide an adequate remedy for an injury where none or an inadequate one existed before.　2 Burrell's Law Dic., 402, and authorities cited ; 2 Bouvier's Law Dic., 442, and authorities cited.　In construing remedial statutes there are several points to be considered : 1. The old law.　2. The mischief.　3. The remedy.　4. The object and intention of the legislature in making the new law.　The only remedy the party aggrieved, by injuries of this nature, had under the common law, was an action on the case, alleging and proving the dog or dogs were accustomed to worry and kill sheep, and that known to the owner or owners.　Hence our legislature, in 1797, partially provided against this imperfection in the common law by enacting a law entitled "An act more effectually to prevent trespass in divers cases," among the provisions of which was the following :　"That if any sheep shall be worried, wounded, or killed, by any dog or dogs within the state, the owner or keeper of such

dog or dogs shall pay to the owner or owners of such sheep so worried, wounded, or killed, just damages, to be recovered in an action of trespass founded on this statute with costs." Slade's Com., 281, § 6.

Notwithstanding this law, which was continued in force until the compilation of the General Statutes in 1863, the mischief and damage done by dogs was by no means abated, and the remedy was found to be inadequate. The breeding of sheep and the growing of wool had, in the meantime, become one of the principal features of Vermont industry. The destruction of sheep by dogs, not only in Vermont but throughout the whole country, had become truly alarming. In view of these facts our legislature in 1863, legislating for and in the interests of the people, provided a more complete and equitable remedy by amending the old law, which amended law is the one by virtue of which this action is had. In the enacting of the present law the legislature were but making a just discrimination between a valuable and productive species of property, and a non-productive and comparatively worthless species of property. The old law afforded very limited encouragement for wool growing, inasmuch as the owner, if compelled to resort to the courts for his remedy against the owner of the dog, would in the end have barely enough left of his verdict to pay his counsel. The new law, therefore, was manifestly intended to afford greater encouragement to the sheep breeder, and has simply declared to the owners of sheep that the owner or keeper of a dog or dogs which worry, wound, or kill sheep, shall make such sheep owners whole, by way of rendering unto them accumulative damages. A statute, therefore, of this character, giving as a compensation to a party aggrieved, as " damages " for an injury sustained, by whatever rule estimated, is not a penal but a remedial one ; and in its enforcement does not require the rule of evidence contended for by defendant's counsel. Esp. on Penal Actions, 7, 8 ; *Woodgate* v. *Knatchbull*, 2 Term, 154 ; *Hubbell* v. *Gale*, 3 Vt., 266 ; *White* v. *Comstock*, 6 Vt., 405 ; *Morse* v. *Jones et al.*, 23 Vt., 739 ; *Reed* v. *Northfield*, 13 Pick., 94 ; *McCarthy* v. *Guild*, 12 Met., 291 ; *Mitchell* v. *Clapp, et al.*, 12 Cush., 278. This, then, being a

remedial statute, there was no error in the charge of the court below.

The opinion of the court was delivered by

PECK, J.   The question presented is, whether the county court erred in applying to this case the rule of evidence applicable to the common law·action of trespass, instead of that governing criminal cases, which requires the jury to be convinced beyond a reasonable doubt of the guilt of the accused, in order to convict. The form of proceeding in this case is that of a civil suit: an action of trespass to recover damages for the worrying and killing of the plaintiff's sheep by the defendant's dog.   The cause of action is one for which the plaintiff might recover at common law ; the injury being a destruction of the property of the plaintiff.  It is true at common law the plaintiff might be obliged to prove that the dog was previously known to do mischief of the kind, or to prove some previous vicious habits of the dog ; but the statute, making the owner or keeper of a dog liable for such injury without such proof, does not change the nature of the act in question. In this respect it only puts the liability of the owner or keeper of a dog, for such trespass, on the same ground as the liability of the owner of cattle, at common law, for trespasses by them upon the land of another.   To warrant the application of the criminal rule of evidence, the remedy given by the statute must be in substance, if not in form, a criminal proceeding.  The statute creates no crime, misdemeanor or offense.   It does not prohibit the owning or keeping of a dog, nor does it impose any fine or penalty for so doing.   It holds the owner responsible for the trespasses of the kind mentioned in the statute, which the dog may commit.   The fact that the statute makes the owner or keeper a guarantor for the conduct of his dog, does not make such owner or keeper a criminal, or characterize any act or neglect of his as a crime, or as constituting an offense.   The statute does not authorize a prosecution in behalf of the state, or give any right to a common informer to prosecute by action or otherwise ; but on the contrary the remedy is confined to the party injured, and not as a penalty but as compensation.   It is true the statute gives greater damages

than would be recoverable at common law; but it is given to the party as damages, and does not make the act of the dog a crime in the owner, or the action a criminal prosecution, nor change the rule of evidence to that applicable to prosecutions for crime. The reasons on which the rule in criminal cases is founded are want-ing in this case. The defendant's counsel have referred us to no case where this rule has been applied, in which the statute only gives damages as compensation to the party aggrieved, although it gives accumulative damages. But it is insisted that this rule applies to actions upon penal statutes for penalties, and that this statute is penal so far as it allows a recovery in excess of actual damages; and therefore the same rule ought to apply to it. But where, as in this case, the main purpose of the action is the re-covery of compensation in damages, the right to recover cumu-lative damages is incidental, and the statute is a remedial statute, in contradistinction to penal statutes. Where the recovery is strictly a penalty, and not as compensation, the rule of evidence in criminal cases applies, in this state, as is said in *Brooks qui tam* v. *Clayes & Morse*, 10 Vt., 37 ; although the point does not appear to have been involved in that case in the supreme court. That was an action brought by a creditor of a grantor against the grantees to recover the penalty for accepting a fraudulent convey-ance. Under that statute the recovery of the penalty does not operate to extinguish the plaintiff's demand; and hence the sum recovered is strictly a penalty as punishment, and in no sense is it compensative, though the plaintiff is the party aggrieved.

In *Edwards* v. *Osgood*, 33 Vt., 224, it was decided that the action upon the statute by a pound keeper against one whose cattle he had impounded, to recover the seventeen cents a day of him for suffering his cattle to remain in the pound, was strictly penal, and not intended as a compensation for the support of the animals. Hence in *Riker* v. *Hooper*, 35 Vt., 457, it was held that in an ac-tion upon that provision of the statute for the recovery of the seven-teen cents a day, the defendant was entitled to the rule of evidence applied in criminal cases. *Hubbell* v. *Gale*, 3 Vt., 266, was an action by a common informer to recover usury received by the de-fendant of a third person, while the act of 1822 on that subject

was in force. PRENTISS, C. J., takes this same distinction between a *remedial* and a *penal* statute. Speaking of the statute in question in that case he says : " The statute is partly remedial and partly penal ; remedial as to the right given to the party paying to recover back the money ; and penal as to the right given to any other person to sue for it on his neglect. Where a statute gives an action to a stranger to recover a forfeiture, he is a common informer, and the action a penal action ; though it is otherwise where the statute gives damages, either single or accumulative, as a compensation to the party aggrieved." The same judge holds the same in *Moore* v. *Jones*, 23 Vt., 739.

In *White* v. *Comstock*, 6 Vt., 405, which was an action under the same statute as in *Hubbell* v. *Gale*, brought by a party not a party to the usury, the question was involved whether the criminal rule of evidence applied, the county court having so ruled. The supreme court, recognizing the distinction laid down in *Hubbell* v. *Gale*, held that the statute, so far as it gave a right of action to a common informer, was penal ; but WILLIAMS, C. J., in delivering the opinion of the court says : " Whether the rule of evidence as applicable to this action was correctly laid down, is susceptible of more doubt "; but finally comes to the conclusion to sanction the ruling of the county court as to the rule of evidence. But he puts the case on the ground that the action is not by the party aggrieved, but by a common informer who has no money in the defendant's hands, and says : " he must recover by proving the defendant to have acted illegally, and to have violated a public law, and guilty of an offense." This can not be affirmed of the case at bar.

The cases cited in reference to the construction given to our statutes, requiring in certain cases a minute to be made of the day when the writ is signed, turning on the particular phraseology of the statutes, have but very little if any bearing on the question in this case. Generally, whenever it has been material to the decision of a case to determine whether statutes like this are remedial or penal, they have been held to be remedial statutes and not penal.

In England the rule is that in actions upon penal statutes the

plaintiff recovers no costs. But if the action is given to the party aggrieved, whether single or accumulative damages are allowed, the action is held not to be penal, and the plaintiff recovers costs. So it is an invariable rule in England not to set aside a verdict, or grant a rule *nisi,* in an action on a penal statute, for the reason that it is against evidence, where the verdict is for the defendant. *Hall* v. *Green,* 9 Ex. R., 247, (Wels. Hurl. & Gord.) Yet in *Stanley* v. *Wharton,* 4 Ex. R., 106, (9 Price, 301,) in an action on section 3 of 11' Geo. II., chapter 19, by alandlord for double value, for assisting the tenant in carrying off and concealing his goods and chattels, the court decided that the statute was a *remedial* and not a *penal* act, and that therefore, after verdict for defendant, a new trial might be granted on the ground that the verdict was against the evidence. *Woodgate* v. *Knatchbull,* 2 T. R., 148, was an action upon 29 Eliz. ch. 4, to recover treble damage against the sheriff for taking illegal fees ; the statute giving treble damages to the party aggrieved. The statute also gave forty pounds, half the forty pounds to the king, and half to him that would sue for it; but that action was only for the treble damages. The question was elaborately discussed both by counsel and court, whether the sheriff was liable to the party aggrieved, on the statute for treble damages, for the act of his bailiff. The court unanimously held the sheriff liable upon the general principle that the sheriff was liable civilly for the acts of his bailiff, but not criminally, and that the statute as to treble damages to the party aggrieved was remedial and not penal. BULLER, J., says, " On the general question I have no sort of doubt but that the sheriff must be answerable. This depends upon the true meaning of an expression in the books, that the sheriff is answerable *civiliter,* but not *criminaliter,* for the acts of his bailiffs." ASHHURST, J., says, " Then the defendant's counsel attempted to make this a criminal charge on the defendant ; but in my apprehension this is not so, nor even to be considered as a penal action ; for it has been held in many instances that where a statute gives accumulative damages to the party grieved, it is not a penal action." GROSE, J., says " This action is not brought for the penalty, but on that part of the statute which

I consider as remedial." The same distinction has been recognized in reference to a question of pleading. It has often been held that in an action by the party aggrieved, on a statute which gives accumulative damages to the party aggrieved, the declaration need not contain all that would be required in a declaration on a penal statute for the penalty; that it need not conclude against the form of the statute. It was so held in *Reed* v. *Northfield*, 13 Pick., 94, in an action upon the Massachusetts statute for double damages against the town for an injury caused by a defect in the highway, and upon the ground the statue was remedial and not penal, although without the statute no action could be sustained. The same question was decided in *Mitchell* v. *Clapp et al.*, 12 Cush., 278, in an action by the party aggrieved to recover double damages of the owner or keeper of a dog, under a statute like the one in question in this case, making the owner or keeper of a dog liable *generally* for double the amount of all damage he may do, without proof of the vicious character of the dog, or that he was accustomed to bite. *Pressey* v. *Wirth*, 3 Allen, 191. In *Mitchell* v. *Clapp* the court say, "This is essentially a remedial, and not a penal, statute; the damages are given wholly to the party injured." If for all these purposes such statutes as this are regarded as remedial and not penal, and suits upon them by the parties aggrieved regarded as civil suits, there is no sound reason why the plaintiff should be embarrassed in his recovery by the application of the strict rule of evidence applied in criminal trials. The only reason that can be urged is, that the plaintiff recovers more than his actual damage. But there are many cases in actions of tort in which the plaintiff may legally recover more than his actual damage; as in trespass to person or property. It is often that the real damage, sustained by the plaintiff by the act complained of, properly has less to do in swelling the amount of the verdict than the intent with which the act was done. As in *Sears* v. *Lyons*, 3 E. C. L., 362, an action of trespass for throwing poisoned barley on the plaintiff's premises to destroy his fowls, in which the real damage, if any, was trifling; yet, under the charge of the court, allowing the jury to consider the motive, and go beyond the mere damage sustained, the plaintiff recovered some

two hundred and fifty dollars. By statute, if, on the decision against the plaintiff in a writ of error or *audita querela*, the court shall be of opinion it was brought for delaying the collection of an execution, the creditor is awarded twelve per cent. interest and double costs. There is a similar provision in reference to declarations on book filed in offset for the purpose of delay. It was never supposed in these and similar cases, where the party recovers, either at common law or by statute, more than his actual damages, that that circumstance entitled the other party to the benefit of the rule of evidence in criminal cases. The reason of the law and all the analogies are against it. *Webster, plaintiff in error,* v. *The People,* 14 Ill., 365, decides that in an action of debt prosecuted by a common informer in the name of the state, to recover a penalty imposed by statute for peddling without license as required by law, the defendant was not entitled to the rule of evidence applied in criminal cases. By that statute, half the fine went to the informer and half to the state. A similar decision was made in *Hitchcock* v. *Munger,* 15 N. H., 167. Whether these two cases are reconcilable with *White* v. *Comstock,* or not, we are disposed to adhere to that decision of our own court to the extent the principle of that decision goes. It does not reach this case. The county court properly applied the rule of evidence pertaining to civil suits. Judgment affirmed.