## RHODA E. BLAINE *v.* MARY C. CURTIS.

1. Penalties given by the usury laws of one state are not recoverable in the courts of another state.
2. Where the courts of another state construe its statute against usury as penal, such construction is controlling in the courts of this State.

ACTION of debt to recover the penalty given by the statute of New Hampshire for taking usury. Heard on general demurrer to the declaration, December Term, 1884, Orange County, ROWELL, J., presiding. Judgment for the defendant. The case appears in the opinion.

*Roswell Farnham*, for the plaintiff.

This is not a *qui tam* action. The sum sought to be recovered can hardly be called a penalty. 5 Wait Act. & Def. 156 ; *R. R. Co.* v. *Methven*, 21 Ohio, 586. The statute against usury in Maine is remedial and not penal. *Pierce* v. *Conant*, 25 Me. 33. Our own law is but the re-enactment of the common law. The excess above legal interest belongs to the plaintiff, and in New Hampshire can be recovered in an action for money had and received. *Palmer* v. *Lord*, 6 Johns. Ch.

95; *Cross* v. *Bell*, 34 N. H. 82; *Willie* v. *Green*, 2 N. H. 333.

This action is transitory. There seems to be nothing of a criminal character in an action under the statute. The state is in nowise a party. The excess of interest belongs to the plaintiff. *Fife* v. *Bonsfield*, 6 Q. B. 100; 2 Chit. Pl. (16th ed.) 245; *Calliford* v. *Blowford*, 1 Show. (K. B.) 354; 1 Chit. Pl. 285. How does this case differ from actions for personal injuries that are provided for by statute? See *Needham* v. *Grand Trunk R. R. Co.* 38 Vt. 294, 308; *Leonard* v. *Cal. Steam Nav. Co.* 84 N. Y. 48; *Barney* v. *Barnstenbinder*, 64 Barb. 212. The taking of usury is not even a misdemeanor. There is no penalty for it in the strict meaning of the word, as a penalty for a crime. It is like a forfeiture in contracts. Story Conf. Law, s. 620; *Henry* v. *Sargent*, 13 N. H. 322. The cases that seem to settle the doctrine of jurisdiction against us are all *qui tam* actions, such as *Slack* v. *Gibbs*, 14 Vt. 357, and *Morris* v. *Farrington*, 133 Mass. 466. See *R. R. Co.* v. *Foster*, 10 Lea (Tenn.) 351.

*John H. Watson*, for the defendant.

The statute, upon which is based the action, is penal. Ror. Int. St. L. 166; *Barnet* v. *Nat. Bank*, 98 U. S. 553. It is so regarded by the court of last resort in New Hampshire. *Harper* v. *Bowman*, 3 N. H. 490; *Kempton* v. *Savings Institution*, 53 N. H. 581. An action will not lie in the courts of one state to recover a penalty given by the laws of another state upon an usurious contract made in such other state. Ror. Int. St. L. 165; *Ogden* v. *Folliot*, 3 Term, 733. If the statute is remedial, the result is the same. *Gale* v. *Eastman*, 7 Met. 14; Ror. Int. St. L. 83, 168.

The opinion of the court was delivered by

WALKER, J. The case comes before us upon general demurrer to the declaration; and the only question to be decided is whether the forfeiture imposed by the laws of New Hamp-

shire upon a person receiving interest at a higher rate than six per cent may be enforced by an action of debt, in favor of the person aggrieved, in this State.

The provisions of the statute, which are substantially set out in the declaration, are as follows :

" If any person, upon any contract, receives interest at a higher rate than six per cent, he shall forfeit three times the sum so received in excess of said six per cent to the person aggrieved, who will sue therefor."

It is alleged in substance, in the declaration, that the defendant, at Piermont, in the state of New Hampshire, received upon a promissory note for the sum of fifteen hundred dollars, then held by the defendant and owing by the plaintiff to her, thirty dollars interest in excess of six per cent from the plaintiff on the 1st day of May in each year for six years, beginning with May, 1876, and ending with May, 1882, making $180—thus received by the defendant of the plaintiff in excess of six per cent interest during the years named ; it is also alleged that by virtue of the statute of New Hampshire aforesaid, an action hath accrued to the plaintiff to recover of the defendant three times the excess of six per cent interest so paid.

The case stated comes within the statute declared upon ; and if the suit had been instituted in New Hampshire, there could be no doubt of the right of the plaintiff to recover, if the action is not barred in that state by the Statute of Limitations.

The question here is, can the liability imposed by the statute be enforced out of the limits of New Hampshire ? This must depend on the nature of the liability and the manner in which it is created. It is not a responsibility *ex contractu*. And the question arises, is it a liability imposed by the statute upon a person receiving illegal interest for a violation of its provisions and penal in its nature, or is it a statute declaratory of a common law right and a means or way enacted for enforcing it, and therefore remedial in its nature ?

If it only gave a remedy for an injury against the person by

whom it is committed to the person injured, and limited the recovery to the mere amount of loss sustained, or to cumulative damages as compensation for the injury sustained, it would fall within the class of remedial statutes. 1 Bl. Com. 86 ; 1 B. & P., N. R. 179–180 ; 2 T. R. 154 and 155 note ; 3 Saund. 376 note, 7 ; 1 Salk. 206 ; *Boice* v. *Gibbons*, 8 N. J. L. 324 ; *Burnett* v. *Ward*, 42 Vt. 80. But this statute does not limit the recovery to the mere amount of the loss sustained, or to cumulative damages as compensation ; it goes beyond and inflicts a punishment upon the offender. It makes the taking of illegal interest an offense, and prescribes a penalty of three times the amount of illegal interest taken. The right of action under it does not arise out of any privity existing between the person paying and the person receiving the illegal interest, but is derived entirely from the statute. The action given is not to recover back money that the person receiving had no lawful right to take and hold against the person paying it, but one to recover a penalty for a breach of a statute law, and founded entirely upon the statute imposing the forfeiture. It was held in *Hubbel* v. *Gale*, 3 Vt. 266, that whatever may be the form of the action, if it is founded entirely upon a statute, and the object of it is to recover a penalty or forfeiture, it is a penal action. We think the liability created by the statute declared upon is clearly a statutory one imposed upon the person receiving illegal interest as a wrong-doer, and penal in its nature. This view is supported by the decisions of many courts of last resort, some of which have been cited in the argument. We refer, however, only to a decision of the Supreme Court of the United States in a case analogous to the case at bar. The provisions of the act in question are similar to the provisions of the National Currency Act of Congress, approved June 3, 1864, which provides that if unlawful interest is received by any banking association created by it, the person or persons paying the same, or their legal representatives, may recover back in an action of debt twice the amount of interest thus paid from the association taking or receiving the same. This provision

of the Currency Act referred to came up for consideration by the Supreme Court of the United States in the case of *Barnet* v. *Nat. Bank*, 98 U. S. 555, where the plaintiff in error sought to avail himself of the benefit of the act in his defence by way of offset and counterclaim to the bill of exchange on which the suit was brought. Justice SWAYNE, in delivering the opinion of the court, denied the relief sought, and said : " The remedy given by the statute for the wrong is a penal suit. To that the party aggrieved, or his legal representative, must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress. The suit must be brought especially to recover the penalty where the sole question is the guilt or innocence of the accused."

This statute has been repeatedly under consideration by the Supreme Court of the State of New Hampshire, and has been by that court invariably treated as a penal statute. *Harper* v. *Bowman*, 3 N. H. 489, was an action to recover a forfeiture of three times the illegal interest paid. It was objected that some part of the penalty was barred by the Statute of Limitations ; and the court, in considering the question, held, that the act limiting suits on penal statutes, which provides that actions upon any penal statute shall be brought within one year from the time of committing the offense, was controlling in the decision of the question raised.

In *Kempton* v. *Savings Institution*, 53 N. H. 581, the court treated the statute as a penal one in an able opinion upon its construction and rules of pleading applicable to actions brought upon it.

This construction which has been given to the statute by the Supreme Court of the state in which it was enacted, treating and holding it a penal statute, should be followed, and is controlling in courts of this State. *Hunt* v. *Hunt*, 72 N. Y. 217 ; *Leonard* v. *Steam Navigation Co.* 84 N. Y. 48.

It is well settled that no state will enforce penalties imposed by the laws of another state. Such laws are universally considered as having no extra-territorial operation or effect,

whether the penalty be to the public or to persons. They are strictly local, and effect nothing more than they can reach within the limits of the state in which they were enacted. They cannot be enforced in the courts of another state either by force of the statute or upon the principles of state comity. Story on Conf. Laws, ss. 620–621; Rorer on Int. State Law, 148 and 165; *Ogden* v. *Folliot,* 3 T. R. 733; *Scoville* v. *Canfield,* 14 Johns. 338; *First Nat. Bank of Plymouth* v. *Price,* 33 Md. 487; *Derrickson* v. *Smith,* 27 N. J. L. 166; *Barnes* v. *Whitaker,* 22 Ill. 606; *Sherman* v. *Gassett,* 9 Ill. 521; *Henry* v. *Sargeant,* 13 N. H. 321; *Slack* v. *Gibbs,* 14 Vt. 357.

Actions for the recovery of a penalty or forfeiture given by laws of one state upon usurious contracts made and entered into in such state will not lie in another state. Such laws are held to be penal in their nature, and governed by the general rule that they have no extra-territorial force, and can be enforced only by the courts of the state in which they are enacted. Rorer on Int. State Law, 165; *Barnes* v. *Whitaker,* 22 Ill. 606; *Sherman* v. *Gassett,* 9 Ill. 521.

The judgment of the County Court sustaining the demurrer and adjudging the declaration insufficient was correct, and is affirmed.