WARREN W. GUILD ET AL. *v.* JOHN W. PRENTIS ET AL.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 20, 1910.

*Trespass—Rights of Action for Treble Damages—Title— "Owner"—Statutes—Construction—Penal Statutes—P. S. 5842—Damages—Assessment—Treble Damages for Trespasses.*

A mere possessor cannot recover treble damages given by P. S. 5842 to the "party injured" by the cutting of trees on land of another, without leave of the owner.

The term "owner," as applied to real estate, may denote the owner of the fee or the owner of a less estate, as lessee for years, or any rightful proprietor; and its meaning is to be gathered from the connection in which it is used, and from the subject-mattter to which it is applied, and when used in a statute, the obvious nature and purpose of the enactment may indicate the meaning of the term.

A tenant for years is an "owner" entitled to recover treble damages given by P. S. 5842 to the "party injured" by the cutting of trees, without leave of the owner.

Penal statutes are to be construed strictly, yet according to the legislative intent, as discovered by the import of the words used.

P. S. 5842, giving treble damages to the party injured by the cutting of trees on the land of another, without leave of the owner, is not a penal statute.

In an action on P. S. 5842 to recover treble damages for the cutting of trees, it was proper for the court, in rendering judgment, to treble the actual damages found by the jury, where the special findings showed that plaintiff was entitled to treble damages.

TRESPASS for treble damages under P. S. 5842. Plea, the general issue. Trial by jury at the June Term, 1909, Windsor County, *Hall,* J., presiding. At the close of all the evidence the

defendants moved for a directed verdict, for that the plaintiffs, being only lessees, could not maintain this action. Motion overruled, to which the defendants excepted. The jury rendered a general verdict for the plaintiffs for $166, actual damages and answered in the negative the following special question: "Have the defendants satisfied you by a fair balance of evidence that in cutting such trees as you find were cut upon the land leased by the plaintiffs, without permission of the plaintiffs, the defendants acted through mistake, or had good reason to believe the trees so cut they had a right to cut?"

Judgment for the plaintiffs in treble the amount of the actual damages as found by the jury. The defendant excepted.

*Fred C. Davis* and *Edward R. Buck* for the defendant.

*Charles Batchelder* and *F. H. Spaulding* for the plaintiffs.

HASELTON, J. This action was brought under P. S. 5842 to recover treble damages for the cutting of trees on land held by the plaintiffs under a lease. The land in question was a small tract on the banks of the Connecticut in the town of Springfield of which the plaintiffs had a ten years' lease and on which they had erected a summer cottage. At the time of the cutting of the trees, hereinafter referred to, the plaintiffs' lease had about eight years to run. The owner of the land in fee simple at the time of the lease, after giving the same, conveyed to the defendants land, which included that in question, and thereafter, and before the cutting of the trees, the defendants had conveyed the fee of the same land to another with the reservation to themselves of the timber trees on the land and the right to cut and remove the same. The defendants entered on the land in which the plaintiffs had a leasehold estate and cut down and removed trees which, as the evidence on the part of the plaintiffs tended to show, afforded shade for their summer cottage above mentioned. The evidence as to the facts of the cutting complained of was received under objection and exception on the part of the defendants. The objection was that the plaintiffs being lessees could not recover in this action. At the close of the evidence the defendants moved for a verdict claiming that the plaintiffs being lessees could not recover in this action. The

motion was overruled and the defendants excepted. The jury made a special finding to the effect that it did not appear that in cutting the trees the defendants acted through mistake or had good reason to believe that they had a right to cut the trees. The jury returned a general verdict for the plaintiffs and assessed the actual damages at one hundred and sixty dollars. Upon the verdict and the special finding of the jury judgment was rendered for the plaintiffs for treble the amount of the actual damages. To this judgment the defendants excepted.

The statute referred to provides that: "If a person cuts down, destroys, or carries away trees placed or growing for use, shade or ornament, or timber, wood, or underwood standing, lying or growing on the land of another person, without leave from the owner of such land, * * * the party injured may recover of such person treble damages in an action on this statute; but if, upon trial, it appears that the defendant acted through mistake, or had good reason to believe that the trees, timber or underwood were on his land, the plaintiff shall recover single damages only, and costs."

The defendants cut the trees upon the land of another, and they cut them without leave from the owner of the land. If the lessees are to be regarded as owners the cutting was done without their leave. As to the owners of the fee, they could give no leave to cut the trees during the tenancy, and when the defendants conveyed the lands with the reservation of a right to cut the trees they reserved a right which they could not exercise until the expiration of the tenancy.

The main question is whether lessees are entitled to maintain this action and to recover treble damages therein. The right of action is given to "the party injured"; but there is no doubt that the party injured must be in some proper sense an owner and not a mere possessor. *Davenport* v. *Newton,* 71 Vt. 11, 27.

The word owner as applied to real estate may designate the owner of the fee or the owner of a less estate as a lessee for a term of years or any rightful proprietor and its meaning is to be gathered from the connection in which it is used and from the subject matter to which it is applied, and when used in a statute the obvious nature and purpose of the statute may indicate its meaning. *Payne* v. *Sheets,* 75 Vt. 335. Under many

statutes a lessee is treated as an owner. *Baltimore &c. R. Co.* v. *Walker,* 45 Ohio St. 577, 16 N. E. 475; *Gillagan* v. *Board,* 11 R. I. 258; *Dutro* v. *Wilson,* 4 Ohio St. 101; *Parker* v. *Minneapolis &c. R. Co.,* 79 Minn. 372, 82 N. W. 673; *Lister* v. *Labley,* 7 A. & E. 124, 34 E. C. L. 86; *Schott* v. *Harvey,* 105 Pa. 222, 227, 51 Am. Rep. 201; *State* v. *Wheeler,* 23 Nev. 143, 44 Pac. 430; *Larimer &c. Co.* v. *Zimmerman,* 4 Col. App. 78, 34 Pac. 1111; *Higgins* v. *City of San Diego,* 131 Cal. 294, 308, 63 Pac. 470, 476.        •

In *Davenport* v. *Newton,* 71 Vt. 11, the question of what ownership one must have to entitle him to recover under this statute was not in the case and the court expressly avoided any manifestation of opinion in regard to that matter, and that question has not been decided in this State. In determining the matter it is to be noted that our statute in giving treble damages to the owner designates him as "the party injured" and not otherwise, and so the statute gives its own definition of the word owner, a definition inconsistent with the idea of confining the remedy to owners in fees simple. As to the liberal construction to be given to such a phrase as "the party injured" see *Colston* v. *Bean,* 77 Vt. 40. In the statute there referred to and in that now under consideration the phrase "person injured" or its equivalent "is used advisedly and wisely and the statutory provisions are of a clear and effective character." Here the plaintiffs were tenants for a term of years and were parties injured in respect to their rightful proprietorship and dominion and as owners of their leasehold estate were entitled to the redress and protection against wrongdoers provided by the statute. To hold otherwise is inconsistent with both the language and the spirit of the statute and is out of harmony with the general purpose of the chapter of the Public Statutes of which the statute in question forms a part.

It matters not that the injury to the plaintiffs' estate was also an injury to the reversion. *Higgins* v. *Farnsworth,* 48 Vt. 512, 514; *Jeffer* v. *Gifford,* 4 Burr. 2141; *McConnel* v. *Kibbe,* 33 Ill. 175, 85 Am. Dec. 265.

The fact that the plaintiffs were tenants for a term of years and did not own the fee affected the amount of their actual damages; but when their actual damages had been ascertained

their right to have them trebled was not affected by the nature of their estate.

In some states the right of action in cases of this sort is given in terms to the "owner" of the land, and the statute uses no words to indicate the sense in which the word "owner" is used. In such states, too, the action to recover treble damages is generally regarded as a penal action. And so in view of the language of the statute and the nature of the action as viewed by the courts the word "owner" is construed to mean "owner in fee simple." Such a construction of such a statute is found in *Achey* v. *Hull*, 7 Mich. 426, a case referred to in *Davenport* v. *Newton*, 71 Vt. 11. In the latter case two Illinois decisions are referred to, but they were under a statute which provided a fixed penalty of so much a tree for cutting timber on the land of another without permission from the owner, the penalty to be recovered in an action of debt by the owner or by an informer for the benefit of himself and the owner. The Illinois Court construes the statute strictly and holds that the owner means the owner in fee simple. But our statute in giving the right of action to "the party injured" so clearly gives it to the owner in the large and liberal sense that were the statute a penal one we should hesitate to construe it otherwise than as it is construed in this opinion. For the rule of strict construction in the case of penal statutes is not to be so applied as to defeat the expressed intention of the statute but the rule is, as stated by Judge Prentiss in *Ellis* v. *Hull*, 2 Aikens, 41, "that penal statutes are to be construed strictly, according to the intention of the Legislature, as discovered by the import of the words used."

But the statute which we are now construing is not a penal one, and this action is not a penal action.

Our statute of 1787, relating to this subject matter provided for a forfeit of a fixed sum for every tree or pole cut by one on the land of another unless the cutting was done through an honest mistake, and this forfeit had no reference to the actual damage done. We have no reported case construing this statute.

Our statute of 1797, made a trespasser in like cases liable to a fine and also to pay treble damages to the person injured.

*Bowen* v. *Fuller*, 2 Tyler 85, was brought under this statute and went for the recovery of treble damages. The Court held

the action to be a penal one and dismissed it for lack of the magistrate's minute on the writ required in actions for a penalty. The provision for the recovery of treble damages by one injured through the wilful cutting of trees was repealed by the revision of 1839, and the wilful and malicious cutting of another's trees was made a crime punishable by a fine or by imprisonment or by both.   R. S. 432, 516; *Davenport* v. *Newton*, 71 Vt. 11.

The act under which this suit was brought was passed in 1849, and is No. 12 of the acts of that year.   So far as it has any reference to a case like this it has been already recited, and as has been seen it is divorced from any penal provisions, unless statutes permitting the recovery of treble or double damages are necessarily penal.

The case of *Keyes* v. *Prescott*, 32 Vt. 86, was an action one count of which was under this statute and a majority of the court as it was then constituted thought that this count declared for a penalty.

But in *Burnett* v. *Ward*, 42 Vt. 80, a statute giving double damages was held not penal.   The opinion is by Judge Peck and is carefully considered.   It is there said, in substance, that in such cases the recovery of compensation is the main purpose of the action, that the right to recover cumulative damages is incidental, and that such statutes are to be considered as remedial and not as penal.   Penal actions in general, and *Brooks* v. *Clayes*, 10 Vt. 37; *Edwards* v. *Osgood*, 33 Vt. 224; *Riker* v. *Hooper*, 35 Vt. 457; *Hubbell* v. *Gale*, 3 Vt. 266; *White* v. *Comstock*, 6 Vt. 405, all actions for the recovery of a penalty, are distinguished.   To the claim that the allowance of double damages makes the action penal, the answer of the court speaking by Judge Peck is that such an allowance does not have that effect, any more than the right of the jury in actions of tort to allow exemplary damages in some circumstances makes such actions penal.   The reasoning in *Burnett* v. *Ward*, 42 Vt. 80, is conclusive.   It is all one whether the enhancement of actual damages, as damages, is provided for by the Legislature, or is effected by the jury, in proper cases, in accordance with the common law.

Our later cases under the statute in question either contain no suggestion by counsel or court that the statute is a penal one or repel such suggestion when made.   *Montgomery* v. *Edwards,*

45 Vt. 75; *Fullam* v. *Foster*, 68 Vt. 590; *Davis* v. *Cotey*, 70 Vt. 120; *Davenport* v. *Newton*, 71 Vt. 11; *Pollard* v. *Barrows*, 77 Vt. 1; *Hathaway* v. *Goslant*, 77 Vt. 199. See also *Payne* v. *Sheets*, 75 Vt. 335, and the cases therein cited on the last page of the opinion.

The plaintiffs were entitled to maintain this action and therein to recover treble damages, and the method employed by the trial court of trebling the actual damages as found by the jury was correct. It is sometimes said that it is a matter of indifference whether the trebling of the actual damages is done by the jury or by the court; but the method pursued in this case has much to commend it, and is, beyond all question, amply sustained by authority.

*Judgment affirmed.*