### FROHOCK *versus* PATTEE.

A replication to a special plea in bar, which presents *new matter*, should conclude with a *verification*.

But if it concludes with tendering an issue, and that issue is joined, its *materiality* is then to be determined.

In order to make the statute of limitations available in a penal action to defeat it, the general issue or the limitation bar should be pleaded.

Of penal statutes.

Chapter 148, § 49, R. S., is a *remedial* and not a *penal* enactment.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

CASE, founded upon § 49, c. 148 of R. S., for aiding and assisting Joseph Pattee, jr., on December 25, 1848, in fraudulently transferring certain real estate, to prevent its attachment by his creditor.

The writ was dated on March 27, 1852. The defendant put in two special pleas in bar, which are described in the opinion of the Court, together with the rejoinder and issue.

On the issue presented by the pleadings, the plaintiff showed by several witnesses that the farm conveyed to defendant, by the debtor of the plaintiff, was worth $1500, when conveyed. His note against Pattee dated November 3, 1846, of $36,67, was also exhibited.

The defendant introduced a copy of the judgment and papers referred to in his pleas; J. S. Tenney *v.* defendant.

The plaintiff called J. S. Tenney, who testified that in his suit at the trial, he offered to take debt, interest and cost.

A juryman, who tried that case, also testified on the call of the plaintiff, that they rendered a verdict for single dam-

ages, and something for indemnity; and that the land being of much greater value than the amount due, they did not estimate it. The evidence was all received subject to legal objections.

Upon so much of the evidence as was legally admissible, the Court were to render such judgment as the legal rights of the parties should require.

*J. H. Webster*, for defendant, presented a written argument of great length. Among the points argued, after alluding to the pleadings and showing that the replication should have concluded with a verification, and how the issue in one view was immaterial and in another material, were —

1. That this was a penal action, under which head the case of *Quimby* v. *Carter*, 20 Maine, 218, was examined, and denied to be sound law.

2. He showed wherein it differed from a remedial statute. The conclusions to which he came were, that if penal, one judgment against the defendant is a bar to any other for the same offence, 4 Mass. 431, and that it should have been brought within one year after the cause of action accrued, and that in penal actions it is unnecessary to plead the statute. 5 Maine, 490; 2 Saund. 63, a. N. 6.

3. But if the Court should hold this to be a remedial and not a penal action, it was nevertheless highly penal, and there was no distinction in the manner of the construction of such statutes. 1 Maine, 139; 22 Maine, 541; 6 Conn. 567.

The language of the section under which this action is brought, limits the action to one creditor and to one recovery.

4. That, under this view of the proper construction of the law, it became immaterial whether the evidence offered proved the issue or not.

5. He maintained also under the second issue that the testimony of Judge TENNEY and that of the juror was inadmissible.

6. That the verdict and judgment rendered in the action, Tenney against defendant, shows conclusively that it was. for double the amount of the property fraudulently convey-ed, and that no evidence can be admitted to change its legal meaning.

*J. S. Abbott,* for plaintiff.

CUTTING, J. — This action is founded on R. S., c. 148, § 49, which provides, that "Any person, who shall know-ingly aid or assist any debtor or prisoner, in any fraudulent concealment or transfer of his property, to secure the same from creditors, and to prevent the seizure of the same by attachment or levy on execution, shall be answerable in a special action on the case, to any creditor who may sue for the same, in double the amount of the property, so fraudu-lently concealed or transferred; not, however, exceeding double the amount of such creditor's just debt or demand."

The plaintiff in substance alleges, that on December 25, 1848, one Joseph Pattee, jr., then being indebted to him fraudulently conveyed to the defendant, knowingly aiding and assisting, certain property to prevent its being attach-ed or seized on execution.

The defendant, instead of denying that allegation, pleads specially in bar. — *First,* in effect, that John S. Tenney,. being at the same time a creditor of Pattee, had sued the defendant for the same cause and recovered a judgment against him, without stating that the verdict was equal to double the amount of the property fraudulently conveyed.

To which the plaintiff, instead of demurring and thereby raising the question, designed to be raised, it is presumed,. by the defendant, whether or not the statute was strictly a penal statute, and if so, a former was a bar to a subsequent recovery, or instead of traversing that or any other allega-tion, assigns new matter, to wit, "that the property so fraudulently received, concealed and held by this defendant, was on said December 25, 1848, and ever since has been, in value far exceeding the amount of said Tenney's debt,

and the amount of the plaintiff's debt against said Joseph Pattee, jr., viz, twelve hundred dollars," and instead of concluding with a verification, tenders an issue to the country. And this replication, instead of being demurred to specially was joined by the defendant.

*Secondly*, the defendant pleads the recovery of Tenney's judgment as in his first plea, and further adds that the verdict was for a sum just double the amount or value of the property fraudulently concealed or transferred and not equal to double the amount of the debt due and owing from Jos. Pattee, jr., to said Tenney, and for an amount very much larger than the single amount of said debt, and further, that this plaintiff, Tenney and one Daniel R. Frohock had commenced at the same time their several actions against the defendant, in consequence of the same fraudulent conveyance, and had combined to aid each other to produce a favorable result.

Here again the plaintiff, instead of meeting and denying the material averment, that Tenney's verdict was just double the value of the property, upon which issue, that question of fact being settled, the law of the case might be raised and determined, after certain protestations as to immaterial allegations, again assigns new matter; to wit, that the property at the time of the transfer was of a value exceeding the amount of the three individuals' demands against their debtor Pattee, and again tenders an issue to the country, which is as inconsiderately joined by the defendant. And since, by the rules of pleading, a wrong conclusion, whether by a verification or to the country, can be taken advantage of by special demurrer only, (Arch. Plead. 248,) which was omitted to be done, the question is presented whether the issues be material, and not whether they are as important as other traversable allegations tendered by the defendant. The special pleas in bar admit the truth of the declaration, and allege special matter in avoidance of it, (Gould's Plead. c. 6, Part 2, § 70,) to wit, the value of the property concealed compared with the amount of the creditor's claims

in suits pending or terminated. The issues then become material as to the comparative value of the property; that is, whether after paying the verdict already rendered, there will be any thing left to satisfy in whole or in part that which may be obtained by this plaintiff, and we are of opinion, that there will be sufficient remaining for that purpose, it being on the evidence only a matter of computation. But whether the property was sufficient to satisfy the three demands, as alleged in the second replication, is uncertain, for there is no proof as to the amount of Daniel R. Frohock's claim, and perhaps it is immaterial, inasmuch as one of the issues is found for the plaintiff.

How then does the case stand? Neither the general issue or the statute of limitations was pleaded, under one of which only could the lapse of time be given in evidence to defeat the action, even if it be brought on a penal statute, and barred at the expiration of one year, and one of the issues is found for the plaintiff.

But since, perhaps, the parties may expect that the Court should decide this action upon the evidence submitted, without regard to the pleadings, and it is said in argument, that another suit is pending to abide the event of this, it may be expedient to consider the effect of the recovery of the former judgment for a sum much less than the value of the property. And hence the question, whether the law under which this action is brought, be what is denominated a penal or remedial statute, for if the former and not the latter, the defendant, as ably contended by his counsel, should prevail.

That question has already been before this Court on the construction of a similar statute, in *Quimby* v. *Carter*, 20 Maine, 218, and of this statute, in *Philbrook* v. *Handley*, 27 Maine, 53, and again, in *Thatcher* v. *Jones*, 31 Maine, 528, and they have invariably come to the conclusion that it is not a penal statute. In addition to the reasons there given for coming to such a determination, the defendant's argument here may also be added, which is, that in a penal action one offence is punishable only by one suit; that this

is a penal action and therefore barred by a former verdict. His conclusion is correct, if his *premise* be right, and if so, then would follow the subsequent conclusion, that a person might cover property to any amount, and a recovery of a small judgment would shield him against all other defrauded creditors, thus transforming the statute by construction into one neither penal nor remedial. As to what the Legislature considered to be penal statutes, we infer something from R. S., c. 146, § § 15, 16, and to be such only as would authorize the commencement of a suit, indictment or information in the name and for the use of the State at any time within two years, unless previously a prosecution had been commenced within one year by any individual. Now, under the statute, c. 148, it is apprehended, that no suit, indictment or information could be maintained in behalf of the State for the transaction on account of which this action is brought.

It being therefore a remedial statute and twice the value of the property fraudulently conveyed not as yet being exhausted by former judgments, the plaintiff is entitled to recover double the amount of his note, and for that sum the defendant must be defaulted.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.