### R. P. BOLLING *v.* CHURCH ANDERSON, *et als.*

1. JURISDICTION AND PRACTICE OF THE SUPREME COURT. *Conclusive presumption.* This Court has jurisdiction to entertain a writ of error where the transcript was filed within two years from the date of the decree during a term thereof, although no *fiat* or order granting it is shown, it appearing, from an endorsement on the transcript, that an acknowledgement of service of the writ was signed by the counsel of the party now objecting. At the hearing of the case five years afterward, this Court conclusively presumes that the steps to bring it here were regularly and properly taken.

2. PRESUMPTION OF LAW. A fact once shown to exist, continues to exist until the contrary is shown.

3. CHANCERY JURISDICTION. *Void proceedings.* A decree in a cause rendered by a Chancellor incompetent to sit is void, as are also all the subsequent proceedings based thereon.

4. CHANCERY PRACTICE. *Writ to follow order.* Where a writ was directed to be issued, returnable to one date, and the Clerk issued it, returnable to another, thus varying the terms of the order,

   *Held,* a nullity.

5. PARTNERSHIP. *A partner not affected by notice to the firm. When.* Notice to a firm cannot affect a member thereof in his individual rights or interests disconnected from those of the firm.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court. D. CAMPBELL, Special Chancellor.

No brief appears for the complainant.

G. M. FOGG, Solicitor for defendants.

TURNEY, J., delivered the opinion of the Court.

The decree was pronounced 2nd May, 1868, and

the transcript filed for writ of error, 28th February, 1870.

There has been no motion to dismiss, but it is now insisted this Court has no jurisdiction, and the writ must be dismissed, as there is no *fiat* or order granting it.

We judicially know the Court was in session on the day the transcript was filed. At the end of the transcript is endorsed:

"I am security on this writ of error case in Supreme Court." "T. W. TURLEY."

"I hereby acknowledge service of the foregoing, February 25, 1870." "G. M. FOGG, Jr., Sol."

The language employed by the one solicitor, when he became security for costs " on this writ of error case in Supreme Court," was directly under the eye of the solicitor for the adverse party. When he acknowledgd "service of the foregoing," this language, in terms, recognizes the writ of error, and now, at the end of almost five years, we must conclusively presume that steps to bring the case to this Court were regularly and properly taken.

The case is before us at the instance of W. H. Turley, who, it is claimed, is a party by garnishment. Several questions are urged for his discharge.

The first we will notice is the incompetency of his Honor, Chancellor Harrison.

The decree of the May Term, 1869, recites; "This cause came on this day to be heard before the Honorable David Campbell, sitting as Chancellor,

by agreement of parties, in the place of Honorable Horace H. Harrison, who was incompetent."

The decree pronouncing judgment *nisi* against Turley, as garnishee, was pronounced by Chancellor Harrison. There is nothing in the record showing a removal or waiver of his incompetency, and no such change of interest in parties as we may infer it.

The rule of law presuming that a fact once shown to exist continues to exist until the contrary is shown, applies.

The Chancellor was incompetent, and the decree fails, and with it all subsequent proceedings based upon it. If this was not so, the judgment *nisi* was rendered against W. H. Turley, a partner of Blanfil & Co. The notice was directed, by that judgment, to be issued to Blanfil & Co., who have never been before the Court, and although Turley may have been a partner of Blanfil & Co., notice to the firm would not effect his individual rights or interests, disconnected from those of the firm.

It would be carrying the rule to an extravagant and very unreasonable length, to hold that notice to one of a firm would effect his associate in business in his private and individual affairs, utterly foreign to the firm business, and in which the party notified had not the slightest interest or concern.

Again. The notice or *sci. fa.* was ordered to issue, returnable to first Monday in December, but the Clerk and Master issued, to be returnable first Monday in February. The writ must pursue the order directing

Bolling *v.* Anderson.

it.    Without the order, the Master had no authority to issue, and has as little to vary the terms of the order.    There is no where in the record an order for the issuance of this *sci. fa.*

It is insisted that it was an alias.    True, there are written above it in . the record the words, "Alias *Scire Facias,* issued January 11, 1868," but in no way connected with the writ, and there is nothing on the face of the writ showing it to be an alias.

The return of the Sheriff is: "Executed on Jo Blanfil & Co."    Turley is not mentioned, nor does it anywhere legitimately appear that this is the firm of which Turley is assumed to be "a partner." There are other errors in the record, but we think we have recited enough.

Reverse the decree, and discharge the garnishment.