JOHN R. WILEY *v.* JAMES H. BENNETT.

PLEADING AND PRACTICE. *Attachment. Affidavit for not sworn to. Clerk's failure to sign the writ. May be had in forma pauperis. When.* The fact that the clerk failed to attest that the affidavit had been sworn to, is not fatal to an attachment, but his failure to sign the writ renders it void, and cannot be cured by amendment. An ancillary attachment may be had *in forma pauperis.*

Cases cited: Watt & Co. *v.* Carnes, 4 Heis., 532; Barlow *v.* Dinning, 4 Sneed, 269.

FROM COFFEE.

Appeal from the Circuit Court. W. P. HICKERSON, J.

B. M. TILLMAN for plaintiff.

W. J. CLIFT for defendant.

FREEMAN, J., delivered the opinion of the court.

An action of trespass was commenced in this case, and at the same time an application made for an ancillary attachment, based on affidavit "that defendant absconds and is absconding so that the ordinary process of law cannot be served on him, and that affiant has a just claim on him for damages for $2,500," stating the pendency of a suit and where pending. The party also added the oath *in forma pauperis*, and asked for the attachment without bond on this ground. In the circuit court, on motion, was quashed, and an appeal prosecuted to this court.

Several objections are presented in the motion to quash. First, that the clerk had failed to attest the fact that the affidavit had been sworn to. This objection is not well taken, as the affidavit was signed by the party, and purports to have been sworn to on its face. The fact is further shown by the clerk that it was duly sworn to before issuance, but by oversight the attestation of the fact was omitted. The fact that it was sworn to is the substantial matter, and the omission of the clerk to do his duty by attesting it, cannot be allowed to prejudice the party. The amendment of this defect ought to have been allowed. This is not like the case in 4 Heis., 532, where the affidavit was not sworn to until some weeks after the issuance of the process, the clerk then doing it himself, and no amendment of the affidavit being directed by the court. That was held unauthorized and the attachment void, because issued without the

Wiley v. Bennett.

affidavit required by law.    The clerk had no authority to make the amendment, as was held in that case. *Ibid.,* 535 a.

Such an attachment may be had *in forma pauperis,* as held in the case of *Barber* v. *Dinning,* 4 Sneed, 269; and we may add, as a matter of course under the above decision, that before the plaintiff can proceed against defendant by filing a declaration and asking judgment, he must have service of the original process on him to which this attachment is ancillary. That question is not, however, now before us.

Without noticing other objections, which are not tenable perhaps, we find one which seems fatal, and sustains the judgment of the circuit judge, probably the one on which he quashed the writ.    It appears the writ was not signed by the clerk of the court who issued the same.    The Constitution of the State requires that all process shall run in the name of the State, and bear test and be signed by the respective clerks.    The writ without their signature is no more than a blank piece of paper, and must be held void. An amendment could not aid this, as a new writ must be made by a signature of the clerk, and this must be levied on the property, the levy on this void writ being a nullity.    We therefore affirm the judgment of the circuit judge on this ground.