## HIRAM AYLSWORTH *vs.* LINCOLN CURTIS.

Pub. Stat. R. I. cap. 204, § 22, which provides that "whenever any person shall be convicted of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration," merely gives a right of action in favor of the person whose property is stolen whereby he may recover damages for the wrong and injury sustained, and hence is a remedial and not a penal statute.

When statutes are penal and when remedial discussed.

The injury sustained by the owner of personal property by the larceny thereof must necessarily result in direct and immediate damage to his personal estate, and hence the right of action given by Pub. Stat. R. I. cap. 204, § 22, against the person convicted of larceny in favor of the owner of the property taken, survives the death of the owner under Pub. Stat. R. I. cap. 204, § 8.

TRESPASS ON THE CASE. Certified from the Common Pleas Division on demurrer to plea in abatement.

*June 25, 1896.* TILLINGHAST, J. This is an action of the case, and was brought under Pub. Stat. R. I. cap. 204, § 22, (now Gen. Laws R. I. cap. 233, § 16,) for the recovery of the

sum of $13,000 for the larceny of certain personal property of the plaintiff, of which crime the defendant is alleged to have been convicted. Said statute provides that "whenever any person shall be convicted of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration." Subsequently to the commencement of the action, viz., on April 22, 1895, the plaintiff died, and the defendant thereafter pleaded the death of the plaintiff in abatement. The plaintiff's executors thereupon entered their appearance in the case and filed a demurrer to the defendant's plea, and the question presented by the demurrer is whether the cause of action survives the plaintiff's death.

The statute relating to the survival of actions, Pub. Stat. R. I. cap. 204, § 8, is as follows, viz. : "In addition to the causes of action and actions which survive, at common law, the death of the plaintiff or defendant therein, the following causes of action and actions shall also survive : *First.* Causes of action and actions of waste. *Second.* Causes of action and actions of replevin and trover. *Third.* Causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate."

We think this statute is clearly broad enough to include the case before us unless the action is a penal one, which we will consider later. The cause of action is the damage done by the defendant to the personal estate of the plaintiff in feloniously depriving him of the property set out and described in the indictment. And it certainly cannot be seriously contended that the larceny of personal property from the plaintiff did not result in a direct and immediate damage to his personal estate. This statute was fully considered in *Aldrich* v. *Howard*, 8 R. I. 125, where it was held that it "provides not only for cases of trespass, where the injury is not only the direct but the immediate effect of a wrongful act forcibly done, but for actions of the case, where the damages are not immediate, but, to be recoverable, must be the natural and proximate consequence of the wrongful act alleged." If an action on the case for creating a nuisance,

whereby the plaintiff in that case suffered damages to his hotel, survives under the statute, *a fortiori* the action now before us, which is brought to recover damages for the larceny of the plaintiff's personal property, survives also. In *Reynolds* v. *Hennessy*, 17 R. I. 169, it was held that damages by a wrongful act to something recognized as personal estate gives rise to an action which survives both for and against an executor or administrator under said statute. In discussing the question of the survival of the action in that case, the court said : "We think it is clearly deducible from all the cases that, where there is simply a tort, not otherwise affecting the estate itself than by an *indirect* loss, an action *ex delicto* does not survive. . . . . The difficulty generally is in drawing the line between tortious acts which *must* be held to damage one's personal estate and those which do not." The case at bar is clearly one where the act complained of *must* be held to damage the personal estate of the deceased, and hence the action survives under the decision just referred to, unless it be held to be a penal action as aforesaid.

In support of defendant's contention that the action does not survive at common law, or under the provisions of Pub. Stat. R. I. cap. 204, § 8, he relies on *Moies* v. *Sprague*, 9 R. I. 541. The action in that case was based on the statutory liability of an officer in a manufacturing corporation. The court held that it was a personal action of tort to recover a penalty, and did not survive at common law, and also that it was not within the statutory provision for the survivorship of actions. The decedent in that case had neglected to perform a statutory duty, the penalty of which was the incurring of a personal liability for the debts of the corporation. It is very clear that such an action does not survive under the statute. It is not within the terms of the statute. The action was not brought to recover damages to the person, or to the real or personal estate of the plaintiff. The defendant had caused no damage to either. He had simply neglected to discharge a statutory duty, whereby a cause of action had accrued to the plaintiff to recover the penalty prescribed

therefor. It will be seen, therefore, that the case is clearly distinguishable from the one now before us. See also *Leighton* v. *Campbell*, 17 R. I. 51, and *Chase* v. *Curtis*, 113 U. S. 452.

But the defendant's counsel further contends that the action, though civil in form, is nevertheless a penal action, and hence does not survive. And in support of this contention he relies on the cases of *Cole* v. *Groves*, 134 Mass. 471, and *Yarter* v. *Flagg*, 143 Mass. 280. The former was a case brought under the provision of Gen. Stat. Mass. cap. 85, § 1, which authorized a *third person* to recover treble the value of money lost by gaming, where the person losing neglects to bring an action therefor within three months after the loss. The court held that said statute, "*so far as it authorizes a third person* to recover three times the sum of money or value of goods lost by gaming is a *penal* statute." But it also held that the right of action given to the *loser*, which was limited to three months, was *remedial*. The case is therefore not an authority in support of the defendant's contention. The second case was an action of tort, under Pub. Stat. Mass. cap. 99, §§ 1, 2, brought by the plaintiff, who was also an informer, to recover of the owner of a building treble the value of money lost therein by Charles F. Yarter in gaming. The defendant died pending the action, and his executors appeared and filed a motion to dismiss on the ground that the action did not survive, which motion was granted, the court holding that said statute, in giving an action of tort to a *common informer* to recover of the owner of a place in which property is lost by gaming treble the value thereof, provides for the recovery of a *penalty*, and that the action did not survive either at common law or by Pub. Stat. Mass. cap. 165, § 1. That decision, as well as the former, is doubtless correct; but it is not applicable to the case at bar, for the reason that the present action was not brought by an informer to recover a penalty given by statute, but was brought by the party directly injured, and is now being prosecuted for the benefit of his estate. It was brought to recover damages sustained by the plaintiff by

reason of the larceny of his goods, and not to recover a penalty. The statute under which it is brought simply provides a remedy in favor of the person whose goods are stolen, whereby he may recover damages for the wrong and injury sustained, and hence is remedial and not penal. That is to say : Where an action is founded entirely upon a statute, and the only object of it is to recover a penalty or forfeiture, it is clearly a penal action. *Hubbel* v. *Gale*, 3 Vt. 266 ; 18 Amer. & Eng. Encyc. of Law, 270 ; *Barnet* v. *National Bank*, 98 U. S. 555. But where the damages are given wholly to the party injured, as compensation for the wrong and injury, the statute having for its object more the indemnification of the plaintiff than the punishment of the defendant, the action is not penal, properly so called, but remedial. *Bones* v. *Booth*, 2 Bl. 1226. In other words, as said in substance in *Blaine* v. *Curtis*, 59 Vt. 120, where a liability is imposed by statute upon a person purely for a violation of its provisions, the statute is penal. But where it is a statute which is merely declaratory of a common law right, coupled with a means or way enacted for its enforcement, giving a remedy for an injury against the person by whom it is committed to the person injured, and either limiting the recovery to the amount of loss sustained or to cumulative damages as compensation for the injury, it is a remedial statute. And, moreover the same statute may be penal in one part and remedial in another. *Gardner* v. *N. Y. & N. E. R. R. Co.*, 17 R. I. 790 ; Sedgwick, Statutory Law, 2d ed. p. 33 ; Potter's Dwarris on Statutes, 75 ; 1 Wils. 126.

In *Stanley* v. *Horton*, 9 Price, 301, which was an action of debt founded on the 11 of George II, cap. 19, § 3, for assisting a tenant of the plaintiff in fraudulently removing and carrying away three cows, with intent to prevent the plaintiff from distraining them for arrears of rent, &c., whereby the plaintiff sought to recover double the value, it was held that said act of Parliament was very clearly distinguishable from those which imposed penalties, Graham, Baron, saying that he considered it entirely and purely remedial, providing, by giving double the value, for the aggrava-

tion of the injury done to the landlord by the wrongful removal and concealment.

In *Reid* v. *Northfield*, 13 Pick. 94, which was an action on the case upon the statute to recover double damages for an injury to the plaintiff caused by a defect in the highway, the court held that the action was purely remedial. Shaw, C. J., in delivering the opinion, said : "All damages for neglect or breach of duty operate to a certain extent as punishment ; but the distinction is that it is prosecuted for the purpose of punishment and to deter others from offending in like manner. . . . . Here the plaintiff sets out the liability of the town to repair, and an injury to himself from a failure to perform that duty. The law gives him enhanced damages ; but still they are recoverable to his own use, and in form and substance the suit calls for indemnity."

In *Mitchell* v. *Clapp*, 12 Cush. 276, which was an action on Rev. Stat. Mass. cap. 58, § 13, giving double damages against a keeper of a dog in favor of a party sustaining damage by such dog, the court held that the statute was remedial and not penal. To the same effect are the cases of *Frohock* v. *Pattee*, 38 Me. 103 ; *Woodgate* v. *Knatchbull*, 2 D. & E. 154 ; 3 Saund. 376, note 7 ; *Woodward* v. *Alston*, 68 Tenn. 581. See also Sedgwick, Statutory Law, 2d ed. 32 ; Potter's Dwarris on Statutes, 74-75 ; Endlich on Interpretation of Statutes, 333 ; *Hyde* v. *Cogan*, 3 Doug. Rep. 702 ; 8 Amer. & Eng. Encyc. of Law, 270 ; *Mitchell* v. *Hotchkiss*, 48 Conn. 19 ; *Lord Huntingtower* v. *Gardiner*, 1 B. & C. 299. In the late case of *Huntington* v. *Attrill*, 146 U. S. 657, the court, Gray, J., in a very exhaustive opinion, goes so far as to hold that the test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual ; and that penal laws, strictly and properly, in the international sense at any rate, are those imposing punishment for an offence committed against the State, and which the Executive has the power to pardon.

The statute on which the action before us is based is materially different from the Massachusetts statute, which was

considered and held to be penal by this court in *Reilly* v.
*N. Y. & N. E. R. R. Co.*, 16 R. I. 388.    Under that statute
the damages are " to be assessed with reference to the *degree
of culpability* of the corporation, or its servants or agents,"
and to the amount of at least $500, thus clearly showing a
punitive purpose in its enactment.

The same statute has since been construed by the Supreme
Court of Vermont, in the case of *Adams, Adm'x*, v. *Railroad
Co.*, 67 Vt. 76, in which the court, in a very clear and forci-
ble opinion by Munson, J., arrived at the same conclusion.

The demurrer to the plea in abatement is sustained, and
the case remitted to the Common Pleas Division for further
proceedings.

*Clarence A. Aldrich*, for plaintiff.

*John T. Blodgett*, for defendant.