GRAVES *v.* McBRAYER.

GRAVES *et al. v.* McBRAYER.

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

HOBART F. ATKINS and BROUGHTON & BROUGHTON, of Knoxville, for plaintiffs in error.

GODDARD & GAMBLE, of Maryville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

These companion cases will be considered together and were brought to recover damages for personal injuries.

On February 9, 1949, more than seven and a half years after the suits were instituted in the circuit court of Blount County, defendant moved that the suits be dismissed because the summonses did not aver the amount of damages claimed, although copies of the declarations accompanied the summonses and were left with defendant at the time the processes were served. The circuit judge sustained the motions and dismissed the suits. In this we think he was in error.

In Caruther's History of a Lawsuit (6th ed.), Section 157, p. 171, the author states that the legal test of the necessary essentials of the writ are:

"1. The style of the writ: 'The State of Tennessee.'
2. The address: 'To the Sheriff of . . . County.'

3. The command: 'Summon.'
4. The party defendant: 'James Hart.'
5. What he is to do:
   a. To appear.
   b. At circuit Court.
   c. Of . . . . county.
   d. At what term.
   e. To answer the suit.
   f. Of the plaintiff, A. B.
6. The attestation by the clerk.''

The author further states in this same section that if any of these essential parts are wanting, the writ is substantially defective and may on motion be quashed.

The only complaint made about the summonses in these cases is that they failed to show the amount of the damages claimed, although fully set out in the declarations.

Again, in Caruthers' History of a Lawsuit (6th ed.), Section 158, p. 172, the author deals with ''defects cured by amendment except style, *teste* and signature of the clerk,'' and says:

''It is true that 'no summons, writ, pleading, process, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection.' But this merely means that they may be amended; the thing omitted may be supplied; the thing defective or imperfect may be made perfect by amendment. This may be done after a motion to quash the writ is made or before. The rule allowing amendments is very liberal, and, if the writ is not absolutely void because of the absence of essential parts, it may be amended. But if it is wanting in the essentials of a writ, then it is a nullity, and of no more effect than a blank piece of paper, and it cannot be converted into

a writ by amendment. The style, the *teste,* and the signature of the clerk are essential parts of the process, and if those, or any one of them, be absent, the defect cannot be cured by amendment.

"If the requisite qualities are in substance embodied in the writ; that is, if the face of the writ itself, without any help from affidavits, shows that what the law requires, was intended to be embraced in it, however awkwardly, obscurely, or inartificially, there is no necessity for an amendment. The court may direct it to be amended for the sake of perspicuity and order, but will not quash it."

Counsel for defendant rely on the cases of *Wiley* v. *Bennett,* 68 Tenn. 581, and *Bolling* v. *Anderson,* 63 Tenn. 550. In the Wiley case it was held that a writ or summons without stating the demand sued for, or the amount sued for, is void, and is no more than a blank piece of paper and must be held void. The Bolling case dealt only with a writ following an order of the chancery court which had been directed to be returnable to another date, and the writ was held to be a nullity. There is nothing said in that case about the failure to state the amount of the demand in a summons, and it has no bearing on the issues involved in the instant cases.

The practice in this State for a number of years has been to allow amendments wherever possible. We have no disposition to change this salutary rule. The defendant was duly notified and brought before the court in the instant cases, and we see no reason why the amendments should not have been allowed.

The judgments of the lower court must, therefore, be reversed and the cases remanded for new trials consistent with this opinion.

All concur.