FRANKLIN P. GARDNER *vs.* THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

A statute which gives to a person injured a remedy for the injury against the person injuring, and limits the recovery to the amount of loss sustained, or to cumulative damages, as compensation for the injury, is a remedial not a penal statute.

Hence General Statutes of Connecticut, § 3554, is a remedial statute, and an action on it may be sustained in Rhode Island.

TRESPASS ON THE CASE. On demurrer to a count in the declaration.

*July* 16, 1892. TILLINGHAST, J. This is an action of trespass on the case, to recover damages for injuries alleged to have been sustained by the negligence of the defendant corporation.

The accident occurred at a grade crossing on the defendant's road at Danielsonville, in the State of Connecticut; and the third count of the plaintiff's declaration is based upon sections 3553 and 3554 of the General Statutes of said State of Connecticut, which are set forth in said count.

These sections are as follows : —

" SECT. 3553. Every engine used upon any railroad shall be supplied with a bell of at least thirty-five pounds' weight, and a suitable steam whistle, which bell and whistle shall be so attached to such engine as to be conveniently accessible to the engineer, and in good order for use.

" SECT. 3554. Every person controlling the motions of any engine upon any railroad shall commence sounding the bell or steam whistle attached to such engine when such engine shall be approaching, and within eighty rods of, the place where said railroad crosses any highway at grade, and keep such bell or whistle occasionally sounding until such engine has crossed such highway ;

and the railroad company in whose employment he may be shall pay all damages which may accrue to any person in consequence of any omission to comply with the provisions of this section; and no railroad company shall knowingly employ any engineer who has been twice convicted of violating the provisions of this section."

The defendant has demurred to said third count in the plaintiff's declaration, on the ground that the said statute, upon which it is based, is penal in its nature, and, being a statute of another State, there can be no recovery under it beyond the territory in and for which it was enacted.

The plaintiff makes no contention that a penal statute has any extra-territorial force, but simply claims that the statute counted on is remedial only, and not penal in its nature.

The only question raised by the demurrer therefore is, whether said section 3554 is penal in its nature.

A penal statute is one by which some punishment is imposed for a violation of the law. A statute may be penal in one part and remedial in another; Sutherland on Statutory Construction, § 208, and cases cited; and in such case, when it is sought to enforce the penalty, it is to be construed as a penal statute; and when it is sought to enforce the civil remedy provided, it is to be construed as remedial in its nature. While the statute before us imposes a duty upon the defendant corporation with regard to the giving of signals at grade crossings, it does not impose any penalty for the neglect or violation of such duty. The only punishment, if such it may properly be called, for such neglect or violation of duty, is the damages to which it may subject itself at the suit of the party who is injured by reason thereof.

It is true that the last clause of said section 3554 reads like a penal statute, in that it provides that "no railroad company shall knowingly employ any engineer who has been twice convicted of violating the provisions of this section." But, notwithstanding this prohibition upon the railroad company, there is no penalty provided for its violation; nor is there any mode provided, so far as we are informed, whereby an engineer may be convicted for violating the provisions of said statute.

We are therefore of the opinion that said statute is not penal

either in whole or in part, but remedial only. It simply provides that a railroad company shall pay all damages which may accrue to any person in consequence of any omission to comply with the provisions thereof. And it is well settled that where a statute only gives a remedy for an injury against the person committing it to the person injured, and the recovery is limited to the amount of loss sustained, or to cumulative damages, as compensation for the injury, it falls within the class of remedial statutes. *Blaine* v. *Curtis*, 59 Vt. 120; *Brice* v. *Gibbons*, 8 N. J. Law, 324.

There are cases which even go to the extent of holding that statutes giving double damages for injuries sustained by reason of the neglect of towns to keep their highways in repair, and for injuries by dogs, are remedial and not penal, the cumulative damages being given as compensation. *Stanley* v. *Wharton*, 9 Price, 301. See *Reed* v. *Northfield*, 13 Pick. 94; *Mitchell* v. *Clapp*, 12 Cush. 278; *Palmer* v. *York Bank*, 18 Me. 166; *Bayard* v. *Smith*, 17 Wend. 88.

The counsel for the defendant contends that the statute relied on by the plaintiff in the count demurred to is very similar to the one relied on in *O'Reilly* v. *N. Y. & N. E. R. R. Co.* 16 R. I. 388, 392, which last named statute this court held to be penal in its nature. We fail to see the similarity between these two statutes. In the Massachusetts statute relied on by the plaintiff in the case last cited, the railroad company is subjected to liability where, by reason of its carelessness, the life of a passenger, or of a person being in the exercise of due diligence and not a passenger or in its employment, is lost. "The provision for such case," said Durfee, C. J., in delivering the opinion of the court, "is, that the offending corporation may be punished by fine, or indictment, or suit for damages in an action of tort, the fine imposed, or the damages recovered, according as one or the other remedy is pursued, to be not less than five hundred nor more than five thousand dollars; the damages, in case the corporation is civilly prosecuted, *to be assessed with reference to the degree of culpability of the corporation or of its servants or agents.*"

That statute clearly comes within the definition of a penal statute as above given. A penalty is attached for its violation, and a mode is provided for the recovery of such penalty, while, in the

statute before· us in this case, there is no penalty attached to the violation thereof.                    *Demurrer overruled.*

*George T. Brown & Clarke H. Johnson,* for plaintiff.

*William G. Roelker,* for defendant.