### HIGGINS v. FARNSWORTH.

#### Pleading.

Declaration by landlord for obstructing a way and right of way in possession, is not sustained by proof of obstructing the same while in possession of tenant for years.

CASE for obstructing a way. Plea, the general issue, and trial by jury, December Term, 1874, BARRETT, J., presiding.

The declaration alleged that plaintiff was the lawful owner of a certain messuage, with the appurtenances thereunto belonging, and was and still is possessed of a certain way and right of way appurtenant and leading thereto ; that on the day of the commission of the grievances complained of, plaintiff had and still has good and lawful right to have and use said way, and to have the same open and unobstructed for passage to her said messuage ; that defendant erected and maintains a gate across the same, and thereby hindered and prevented plaintiff from using said way to her said messuage, as she had lawful right to do ; by means whereof she had suffered great inconvenience and damage, and her said messuage had been greatly injured, and rendered less fit for occupation.

Plaintiff gave evidence tending to show the right as alleged, and that defendant, in November, 1871, obstructed the use of the same by erecting a gate across it, which he had ever since kept up. Plaintiff testified that before the erection of said gate, she had leased said messuage, and surrendered possession thereof, to a tenant paying stipulated rent ; that said tenant was continuously in possession under said lease till after the bringing of this suit ; and that her right and receipt of rent from said tenant under said lease, was not affected nor diminished by reason of the erection and continuance of said gate.

Defendant offered no evidence, but claimed, and the court held, that as plaintiff had not possession, and her tenant had rightful possession of said messuage during the time aforesaid, she was

not entitled to recover in this actjon, and directed a verdict for defendant. Exceptions by plaintiff.

*Gilbert A. Davis*, for plaintiff.

The County Court erred in directing a verdict for the defendant upon the pleadings and proofs. The declaration does not allege that plaintiff was in possession of said messuage at the time of the erection of the gate, but that she was "and still is the lawful owner" thereof, and "possessed of a certain way and right of way" thereto; and these are sufficient averments to sustain this action, even if it ,was technically and strictly to recover for an injury to plaintiff's reversionary interest. The statement of the reversionary interest is merely inducement ; and a statement of the seisin in fee is sufficient in an action by a reversioner. 1 Chit. Pl. 380 ; 2 Ib. 776, n. ; *Cushing* v. *Adams*, 18 Pick. 110. The rule is recognized that the plaintiff in an action for injury to the reversion, must distinctly allege and prove such a permanent injury as to affect his reversionary interest. 2 Chit. Pl. 776, n. The allegation that said messuage had been greatly injured, and rendered less fit for occupation, is sufficient to answer all the requirements of this rule of pleading.

But this action is to recover damages for obstructing plaintiff's right to go over the way in question. The exceptions state that " plaintiff gave evidence tending to show the right as alleged, and that defendant in Nov. 1871, obstructed the use of the same by erecting a gate across it which he has ever since kept up." *Proud* v. *Hollis*, 1 B. & C. 8 ; Tayl. Land. & Ten. s. 174 ; *Cushing* v. *Adams, supra*.

It is a well-settled rule of law that, " one having an incorporeal hereditament, like an easement, may maintain an action to vindicate his claim to the same, if he can show a violation of his right to enjoy it, although he may be unable to show any actual damage or loss occasioned thereby." Washb. Easem. 569 ; *Tilotson* v. *Smith*, 32 N. H. 96 ; BELL, J., in —— v. —— 8 Fost. 455 ; *Tinsman* v. *R. R. Co.*, 1 Dutch. 262 ; *Jeffer* v. *Gifford*, 4 Burr. 2141.

*J. N. Edminster*, for defendant.

The plaintiff's interest in the premises at the time of the erection of the obstruction, and till after this action was brought, was a reversionary interest only. The declaration is for an injury to a possessory right. The damages alleged are damages to a possessory right. The damages shown, if any, are damages to her reversion only. For an injury to a reversion, the reversionary interest must be alleged, and the damages alleged to be to the reversion. 1 Chit. Pl. 63, 140, 381, 391; 2 Ib. 777; Steph. Pl. 355, 371; 1 Saund. Pl. and Ev. 395, 403.

The opinion of the court was delivered by

WHEELER, J. The plaintiff in her declaration has set forth that she was "possessed of a certain way and right of way" appurtenant to her premises, that the defendant has obstructed it, " and has thereby hindered and prevented the plaintiff from the use of said way, by reason whereof she has suffered great inconvenience and damage, and by means thereof" her premises " have been greatly injured and rendered less fit for occupation." This is, clearly, a declaration for an injury to a right of way in possession, and not to one in reversion. Her evidence at the trial showed that during the whole time covered by the declaration, the premises were in the occupation of one Hodgman under leases of a year each, made from year to year, and that she had no occupancy of them during that time. The way, being appurtenant to the premises, would, while Hodgman so occupied them, belong to him and not to the plaintiff, and an obstruction of it during that time would be an injury to his right and not to any right of hers, unless it should be of such a permanent nature as to affect the value of her right to the inheritance in reversion. The right of Hodgman to damages for an obstruction during his term, is wholly distinct from hers for an injury to her right as reversioner, although the same act might cause both. This appears from *Jeffer* v. *Gifford*, 4 Burr. 2141, where it was moved in arrest of judgment in an action for obstructing ancient lights, for that the interest of the plaintiff was stated to be that of a reversioner only, and if he should recover, the tenant might also, and the defendant be sub-

jected to double damages; but the court held that the rights of the tenant and reversioner were separate, and that each should recover for any injury to his own. Also from *Tinsman* v. *Belvidere & Del. R. R. Co.* 1 Dutch. 255, where one count that set forth a reversionary right in the plaintiff and an injury only to the possessory right of the tenants, was held bad. In an action for an injury to a reversionary right, an interest in that right, or one large enough to include an interest in it, belonging to the plaintiff, and an injury sufficiently permanent to affect it, must be set forth. 1 Saund. Pl. and Ev. 295; 2 Chit. Pl. 777, note. In *Cushing* v. *Adams*, 18 Pick. 110, the action was for an injury to a right similar to this, in possession, and the evidence showed the premises and way to be in possession of a tenant at will merely. The court recognized the doctrine that a reversioner could not maintain an action for an injury to the right in possession, but held that the possession of such a tenant was the possession of the landlord, and on that ground the action was sustained. If the plaintiff's evidence in this case could be held to show that she had to some extent received an injury to her reversionary right, she has no declaration for that proof to support; and the evidence did show that she had not the possessory right, for an injury to which she had declared; so that, taken all together, it appeared that she was not entitled to maintain the action she had brought, and the judgment of the County Court was correct.

Judgment affirmed.