THE EXECUTORS OF THE ESTATE OF CHAS. ROBINSON, *deceased*, v. THE HEIRS OF JAMES BLOOD.

No. 11,989.* (67 Pac. 842.)

SYLLABUS BY THE COURT.

1. PAROL EVIDENCE — *Assignment of Judgment — Security for Debt*. Parol evidence is admissible to show that the assignment of a judgment, although absolute, was only intended as a security, and it may also show the amount of indebtedness it was intended to secure.

2. FRAUDULENT CONVEYANCE—*Assignment of Judgment—Fraud on Creditors*. Where B., having just recovered a judgment for $912.24, secured by a lien on real estate, unsolicited, called upon his attorney and stated to him that he was indebted to R. in the sum of $200 or $250, and he wished to make R. safe if anything ever came out of it (referring to the judgment), and also stated that there was an old judgment against him which he wished to avoid, and instructed such attorney to assign the entire judgment to R., and that he would speak to R. about it, such assignment is void, part of the consideration being to hinder, delay and defraud B.'s creditors.

3. ———— *No Recovery by Grantor or Heirs*. Where property is assigned with a fraudulent intent and for a fraudulent purpose, neither the party so assigning nor his heirs can recover it or its value.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges. Opinion filed February 8, 1902. Reversed.

*F. M. McHale*, for plaintiffs in error.·

*W. W. Nevison*, and *Jos. E. Riggs*, for defendants in error.

*For opinion by court of appeals, see 10 Kan. App. 576, 62 Pac. 677.—REP.

The opinion of the court was delivered by

GREENE, J.:   On June 3, 1890, James Blood recovered a judgment in the district court of Douglas county against James Baker for $912.24.   On the 4th day of June, 1890, Blood assigned this judgment to Charles Robinson.   Baker prosecuted proceedings in error to the court of appeals, and while the action was pending in that court Blood died, and the judgment was revived in the name of Chas. Robinson, as assignee. Afterward, and before the litigation was determined, Chas. Robinson died, and the cause was revived in the name of his executors.

Joseph E. Riggs was attorney for Blood, then for Robinson, and finally for Robinson's executors.   As such attorney he collected the judgment, amounting to $1349.66, and paid it over to Robinson's executors. The present proceeding was brought by the heirs of Blood in the probate court of Douglas county to require Robinson's executors to show the amount of indebtedness due from Blood to Robinson, and the heirs asked the court to allow their claim against the estate of Robinson in an amount equal to the difference between the amount it was found Blood owed the Robinson estate and the amount the Robinson estate had received from Riggs upon this judgment.   It was claimed in that proceeding that the indebtedness of Blood to Robinson did not exceed $250, that the judgment was assigned to Robinson as security for such indebtedness, and the balance thereof was due the Blood heirs.   After a decision in the probate court, an appeal was taken to the district court, where the Blood heirs recovered judgment against the executors of Robinson in the sum of $871.53.   Upon that judgment proceedings were prosecuted to the court of ap-

peals, where the judgment was affirmed. (*Robinson v. Blood*, 10 Kan. App. 576, 62 Pac. 677.) Upon application by the executors of Robinson, the cause was certified to this court.

In the district court, Joseph E. Riggs, who was the only witness or person present when Blood assigned this judgment to Robinson, testified, over the objection of the plaintiffs in error, that it was made to secure the payment of an indebtedness not exceeding $250 from Blood to Robinson.

It is contended by the plaintiffs in error that the court erred in permitting this witness to testify to these facts, because it was contradicting the written statement. We cannot agree with this contention. It is familiar law that, where property is assigned or pledged, oral evidence is admissible to show the purpose for which it was assigned or pledged and the amount of indebtedness it was given to secure. In this state one may show that a debt, absolute on its face, is only a mortgage, and may also show the amount of indebtedness actually due.

Another objection made to the testimony of Mr. Riggs is with reference to a conversation had with Robinson concerning the amount of indebtedness due from Blood to Robinson. The witness testified that, on the day after the death of Blood, Robinson called at his office and inquired what he knew about a judgment which had been assigned by Blood to Robinson. Riggs replied in substance that he knew all about it; that he had been the attorney in the case from its inception. Robinson said to him that the indebtedness was either $200 or $250, and asked what shape it was in. Riggs replied that it was in the supreme court. Robinson said: "Then you don't know whether you have a judgment or not?" To which Mr. Riggs re-

plied : "Yes, I have, because I am very confident that I am going to win the case in the supreme court." Robinson then said : "Well, you might as well look after this for me as anybody else, if you can do it." The witness replied that he could, and Robinson said : "Then I will rely upon you to look after my interest and protect me in it as well as everybody else." To which Riggs replied that he would.

Plaintiffs in error contend that this communication was had while Riggs was acting as an attorney for Robinson, or being consulted by Robinson with a view to employing him.

Robinson did not visit the office of Mr. Riggs with the intention of employing him as an attorney ; he did not contemplate a lawsuit or the need of a lawyer ; no such relationship existed or was contemplated by either party until he stated to Mr. Riggs the amount of Blood's indebtedness. This objection was properly overruled.

The third contention is that this judgment was assigned by Blood to Robinson to defraud the creditors of Blood, and the heirs of Blood cannot recover in this action. The evidence on the question of fraud was the testimony of Mr. Riggs, and all that has any bearing upon this question is as follows :

"The following morning Colonel Blood stopped in my office and asked me if I had any news yet from the judge on the Baker case. I told him that I had ; that he had given us a judgment, and that I had filed my journal entry the day before. He then said to me : 'I am owing Governor Robinson'—and he stated the amount ; the amount was either $200 or $250, and I will not be positive which ; it was not less than $200 nor exceeding $250—' and while the governor has never asked me for any security, I want to make him safe if anything ever comes out of this.' He spoke further about a certain old judgment that was being held

against him by some party here, and he gave me his version of that, and that he desired to avoid it. He said : 'I wish you would just make an assignment of that matter to the governor; just assign the whole judgment to him, and I will speak to him about it.'"

From this evidence it appears conclusively that one of the purposes which actuated Blood in assigning this judgment was to defeat a judgment creditor. The judgment was more than three times the amount of the indebtedness to Robinson, and was a lien upon real estate. Blood might have assigned to Robinson a sufficient amount of the judgment to have amply secured Robinson, but instead he made an absolute assignment of the entire judgment, and stated when he did so that there was an old judgment he wished to avoid.

Section 3170, General Statutes of 1901, provides : "Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels    .    .    . made or obtained with intent to hinder, delay or defraud creditors   .   .   .   shall be deemed utterly void and of no effect."

It has been held by this court that a chattel mortgage void in part is void *in toto*. ( *Wallach v. Wylie, as Sheriff*, 28 Kan. 138 ; *Winstead, Sheriff, v. Hulme*, 32 id. 568, 4 Pac. 994; *Implement Co. v. Parlin & Orendorff Co.*, 51 id. 632, 33 Pac. 362 ; *National Bank v. Barkalow*, 53 id. 68, 35 Pac. 796.)

From this evidence, we are forced to conclude that this assignment of judgment, so far at least as Blood is concerned, was fraudulent. If the conveyance was fraudulent as to Blood he could not recover the property conveyed or its value, nor have his heirs any additional rights. ( *Crawford's Adm'r v. Lehr et al.*, 20 Kan. 509.)

It follows that the court erred in rendering judgment for the plaintiffs below.   The judgments of the district court and of the court of appeals are reversed and the cause remanded for a new trial.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.